1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

9  APPLIED FILTER TECHNOLOGY, INC., a
Washington Corporation,

Case No.

10          Plaintiff,

**COMPLAINT**

11      vs.

(Violation of 18 U.S.C. § 1030 *et seq.*;
Violation of RCW 19.108 *et seq.*, Breach
of Contract; Tortious Interference With
Contract)

12  JEFF WETZEL, individually, and the marital
community of JEFF WETZEL and JANE
13  DOE WETZEL; ENVIRONMENTAL
SYSTEMS AND COMPOSITES, INC., a
14  Washington corporation,

JURY TRIAL DEMANDED

15          Defendants.

16

17      COMES NOW Plaintiff APPLIED FILTER TECHNOLOGY, INC. ("AFT") by and

18  through Seth H. Row and John D. Parsons and Parsons Farnell and Grein LLP, its attorneys, and

19  for claims against defendants Jeff Wetzel and the marital community of Jeff and Jane Doe

20  Wetzel ("Wetzel"), and Environmental Systems and Composites, Inc. ("ESC"), alleges as

21  follows:

22  / / /

23  / / /

24  / / /

PLAINTIFF'S COMPLAINT -1-
O:\9107001\0004a shr complaint WDWA.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

## NATURE OF THE ACTION

1.

AFT brings this suit against Wetzel and ESC for willful violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq., and the Uniform Trade Secrets Act, RCW 19.108 et seq., in connection with Wetzel's unlawful taking of AFT's confidential, proprietary and trade secret information. AFT also brings suit against Wetzel for violation of the terms of the Confidentiality and Non-Disclosure Agreement entered into with AFT and against ESC for inducing such breach. AFT seeks preliminary and permanent injunctive relief to enjoin defendants' violations of Wetzel's contractual, statutory and common law obligations to his former employer, AFT, to enjoin ESC's violations of common law and statutory obligations, for compensatory and exemplary damages, and for disgorgement of wrongfully obtained profits from the misappropriation of AFT's confidential, proprietary and trade secret information.

## PARTIES

2.

Plaintiff is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Snohomish, Snohomish County, Washington.

3.

Defendants Jeff Wetzel and Jane Doe Wetzel are residents of Lake Stephens, Snohomish County, Washington, and at all times relevant hereto are and have been husband and wife, and constitute a marital community. All acts performed by one are performed for and on behalf of the other and the marital community. Jeff Wetzel was formerly a consultant to AFT.

4.

Defendant ESC is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Redmond, King County, Washington.

PLAINTIFF'S COMPLAINT -2-
O:\9107001\0004a shr complaint WDWA.doc

1

JURISDICTION AND VENUE

2

5.

3      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the acts

4  of Wetzel and ESC constitute violations of federal law, the Computer Fraud and Abuse Act, 18

5  U.S.C.§ 1030, et seq. over which this Court has original jurisdiction.  Venue is proper in this

6  District because Wetzel resides in this District and a substantial part of the events giving rise to

7  this cause of action occurred in this District.

8

FACTS COMMON TO ALL CLAIMS FOR RELIEF

9

6.

10      Plaintiff AFT was formed in 1996 by Paul Tower and incorporated in 2000.  AFT

11  designs and produces systems that reduce the levels of siloxane and similar silicon-bearing

12  organics in biogas for processing into clean energy.  Siloxane is a chemical used extensively in

13  industrial products such as lubricants and in personal care products like cosmetics, hair spray

14  and deodorants. These siloxanes make their way into municipal wastewater and ultimately into

15  the methane liberated in municipal digesters. Discarded cosmetics and cosmetic containers

16  introduce siloxanes into the solid refuse that decomposes in landfills, producing methane that is

17  contaminated with siloxanes.  Unless the siloxane level in the fuel gases is reduced significantly

18  from the levels normally encountered in these facilities, the generator engines can be severely

19  damaged.

20

7.

21      AFT designs, tests and builds systems to match unique individual customer

22  requirements. AFT also provides expertise to the customer to assist in the management of

23  consistent biogas product quality through various testing programs and service options. AFT's

24

PLAINTIFF'S COMPLAINT -3-
O:\9107001\0004a shr complaint WDWA.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

1    customers include power system manufacturers, consultants, municipalities and energy

2    companies.

3                 8.

4       AFT has developed unique proprietary technology for siloxane removal (and removal of

5    other contaminants) from fuel gases including the following: SAG$^{TM}$, SAGPack$^{TM}$,

6    SULFRPack$^{TM}$, SulfrStrip$^{TM}$, HOX$^{TM}$, and SWOP$^{TM}$ processes. A key component of the

7    proprietary technology developed by AFT is the chemical components of the filter media that

8    AFT uses in its systems. Such information derives its value from not being commonly known or

9    publicly available, and AFT has taken steps to keep such information confidential.

10               9.

11       AFT has also developed unique and proprietary methods and techniques for biogas

12    analysis, by modifying standard tests developed by, among others, ASTM, for greater accuracy

13    and other purposes. Such information derives its value from not being commonly known or

14    publicly available, and AFT has taken steps to keep such information confidential.

15              10.

16       In the course of building its business, AFT has developed and cultivated relationships

17    with customers and potential customers, including information about and personal contacts

18    within, industries that serve as gateways to potential customers, and information about potential

19    customers. Such information derives its value from not being commonly known or publicly

20    available, and AFT has taken steps to keep such information confidential.

21              11.

22       AFT has also developed a network of suppliers, including suppliers of equipment, filter

23    media, chemicals, and services. Some of these entities supply products or items that are

24    specifically produced for AFT or to AFT's specifications under confidentiality agreements

PLAINTIFF'S COMPLAINT -4-
O:\9107001\0004a shr complaint WDWA.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

1  between the entity and AFT.  Such information derives its value from not being commonly

2  known or publicly available, and AFT has taken steps to keep such information confidential.

3                                                12.

4          AFT has expended in excess of $5,000,000 to develop its proprietary, confidential, and

5  trade secret products, processes, designs, and techniques as well as its confidential and trade

6  secret information relating to customers and suppliers.

7                                                13.

8          The expense and effort expended by AFT in developing its proprietary, confidential, and

9  trade secret products, processes, designs, and techniques has resulted in AFT becoming one of

10  the most successful companies in its field and its products and processes becoming a standard

11  against which other competitors are judged by potential customers.

12                                                14.

13          In addition, AFT's commitment to its warranties, its commitment to providing service to

14  its customers beyond its warranty obligations, the uniqueness of its products, and the reliability

15  of its technology have earned it considerable goodwill among its customers and potential

16  customers.

17                                                15.

18          The industry in which AFT competes is highly competitive.  Competition is generally

19  based both on quality and dependability, and also price and support.

20                                                16.

21          AFT and defendant ESC are direct competitors in the biogas purification industry.

22  / / /

23  / / /

24  / / /

PLAINTIFF'S COMPLAINT -5-
O:\9107001\0004a shr complaint WDWA.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

1    WETZEL'S CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT

2                                    17.

3        AFT hired Wetzel in or about 1996 as a consultant, on a part time basis. Wetzel began

4    consulting for AFT on a full-time basis in or about 2006.

5                                    18.

6        Defendant Wetzel's services to AFT consisted primarily of performing analysis of gases

7    submitted by potential customers who were interested in purchasing AFT's confidential,

8    proprietary and trade secret products, processes, designs and techniques. Defendant Wetzel also

9    provided technical support for developing proprietary filtration products for AFT.

10                                   19.

11       In 2003, in consideration for providing a higher rate of compensation for, and a greater

12   amount of, consulting work to Wetzel, and providing Wetzel with access to more of AFT's

13   proprietary information, Wetzel entered into a Confidentiality and Non-Disclosure Agreement

14   ("NDA") with AFT. A true and correct copy of the NDA is enclosed hereto as Exhibit A and is

15   incorporated by this reference as if fully set forth herein.

16                                   20.

17       Pursuant to the NDA, and in order to allow Wetzel to effectively carry out his duties

18   with AFT, Wetzel was given access to some of AFT's confidential, proprietary and trade secret

19   information including information on AFT's customers, suppliers, products, processes, designs,

20   and techniques. Paragraph 1 of the NDA defines the scope of the information subject to

21   protection under the NDA; that paragraph is incorporated herein by reference as if fully set

22   forth. But for Wetzel's position with AFT Wetzel would not have been access to such

23   information.

24

PLAINTIFF'S COMPLAINT -6-
O:\9107001\0004a shr complaint WDWA.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

21.

Wetzel also developed information pursuant to his consulting arrangement with AFT, some of which was incorporated into AFT's confidential, proprietary and trade secret products, processes, designs and techniques. All such information, together with the information referred to in the prior paragraph (referred to hereinafter as the "AFT Confidential Information") was subject to the restrictions and conditions imposed by the NDA.

22.

Some of the AFT Confidential Information was made available to Wetzel in paper form, but most such information was provided to Wetzel via AFT's computer systems.

23.

The explicit confidentiality provisions and restrictions reflected in the NDA are bolstered by other precautions taken within AFT to protect its confidential and proprietary information. Data and other materials are maintained on secure computer systems, to which access is restricted. Remote access to AFT's computer systems is restricted to Mr. Tower and his son Seth Tower. (Wetzel had been permitted to have remote access to AFT's computer systems, but such access rights were terminated.) Employees are not permitted to download or send AFT's data from its computers except for certain purposes, such as working from home for AFT. AFT requires those business partners to whom it must disclose confidential and proprietary information to enter into confidentiality agreements restricting their dissemination and use of AFT's confidential and proprietary information. In this way AFT seeks to protect its proprietary and confidential information to ensure that its secrets remain secret.

24.

The NDA provides that in the event of breach AFT shall be entitled to specific performance and injunctive or equitable relief, in ex parte and without bond, for any breach.

PLAINTIFF'S COMPLAINT -7-
O:\9107001\0004a shr complaint WDWA.doc

1  The Agreement further provides that AFT may recover all costs and expenses, including

2  attorney's fees, incurred in any successful prosecution of a claim for breach.

3  <u>WETZEL'S BREACHES OF HIS OBLIGATIONS TO AFT</u>

4  25.

5  On information and belief defendant ESC was formed on or about twenty years ago by

6  Lowell Howard.  Mr. Howard also worked, for a time, as a consultant to AFT.  However, ESC

7  has only recently begun claiming that it offers services related to biogas, the specific market

8  segment in which AFT has found success.

9  26.

10  On information and belief, on or about June 2007 defendant ESC and Wetzel began

11  working together on products, processes and technologies to compete with AFT's products,

12  processes and technologies.

13  27.

14  Beginning on or about June, 2007, defendant Wetzel began downloading from AFT's

15  systems large quantities of AFT's data to portable hard drives, including files containing client

16  information including client gas testing data; AFT pricing information and budgets provided to

17  customers and potential customers; quotes to provide background to compete with AFT; client

18  history files; and engineering reports.  Some or all of the information downloaded was AFT

19  Confidential Information.  Wetzel disclosed that he was downloading some types of information

20  in order to work on it on his home computer, but did not disclose the full extent of the

21  information that he downloaded.

22  / / /

23  / / /

24  / / /

PLAINTIFF'S COMPLAINT -8-
O:\9107001\0004a shr complaint WDWA.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

1                                     28.

2       On or about June 10, 2009 Wetzel informed AFT that he was terminating his contractual

3   relationship with AFT.  On information and belief Wetzel thereupon immediately commenced

4   full-time employment with ESC.

5                                     29.

6       The NDA specifies that the restrictions in the NDA apply for a period of one year

7   following the voluntary termination of Wetzel's employment.

8                                     30.

9       The NDA further requires that, upon demand from AFT, Wetzel will return to AFT all

10  copies of AFT Confidential Information and destroy all "analyses, compilations, studies and

11  other material" prepared by Wetzel based on the AFT Confidential Information.

12                                    31.

13      On June 16, 2009, AFT sent an email to Wetzel demanding that Wetzel return the AFT

14  property that he had taken with him at the termination of his relationship with AFT.  Wetzel did

15  not comply with this request.

16                                    32.

17      On June 25, 2009, via counsel, AFT sent a letter to Mr. Wetzel and ESC's counsel

18  demanding the return of all information subject to the NDA and specifically identifying the

19  portable hard drives to which Wetzel had downloaded information.  Again Wetzel failed to

20  comply with AFT's demand.

21                                    33.

22      Since approximately mid-2007, ESC has been the successful applicant or bidder on six

23  projects on which AFT was also an applicant or bidder under circumstances indicating that ESC

24  was offering to provide, had provided, or had used, AFT Confidential Information, including but

PLAINTIFF'S COMPLAINT -9-
O:\9107001\0004a shr complaint WDWA.doc

1  not limited to trade secret customer information, in the process of applying or bidding. As a

2  result, AFT has suffered lost profits and loss of goodwill.

3                 34.

4      On multiple occasions since June, 2007, and specifically in or after December, 2008 in

5  connection with a project in California, ESC or its agents acting on its behalf represented to

6  customers or potential customers that it is "the same" as AFT, or that it "has" AFT technology,

7  processes, or information or has technology that is "the same as" AFT's technology, and that it

8  had "stolen" Wetzel and his know-how from AFT, for the purpose of competing against AFT.

9  On information and belief ESC has caused confusion in the marketplace between its final

10  products and services and those that are genuinely AFT's, causing damage to AFT's goodwill,

11  and potentially causing further harm to AFT if ESC's final products and its services do not

12  succeed at their stated performance objectives.

13                 35.

14      Since terminating his relationship with AFT, Wetzel, acting on behalf of ESC, has

15  contacted at least one supplier to AFT about supplying products and services that are within the

16  scope of the AFT Confidential Information. Wetzel's communication to the supplier referred to

17  information within the scope of the AFT Confidential Information. Wetzel also made reference

18  to a project and project specifications that fall within the scope of the AFT Confidential

19  Information.

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

PLAINTIFF'S COMPLAINT -10-
O:\9107001\0004a shr complaint WDWA.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

FIRST CLAIM FOR RELIEF

(Breach of Confidentiality and Non-Disclosure Agreement)

(Against Wetzel)

36.

AFT repeats and realleges Paragraphs 1 through 35 of its Complaint as if fully set forth herein.

37.

As a condition of his employment with AFT, Wetzel signed and agreed to be bound by the terms of the NDA.

38.

At all relevant times, AFT performed its duties with respect to the NDA entered into by Wetzel.

39.

Defendant Wetzel has breached and continues to breach his obligations to maintain the confidentiality of AFT's confidential and proprietary information under the NDA, by, among other things, using AFT Confidential Information relating to suppliers, customers, and AFT's products and processes, to compete with AFT in the marketplace.

40.

Defendant Wetzel has also breached and continues to breach his obligations under the NDA by refusing to return to AFT all AFT Confidential Information in his possession or that he removed from AFT and has transferred to others.

41.

As a direct and proximate result of the wrongful conduct by Defendant Wetzel, AFT has suffered and continues to suffer irreparable injury.

PLAINTIFF'S COMPLAINT -11-
O:\9107001\0004a shr complaint WDWA.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

42.

As a direct and proximate result of the wrongful conduct by Defendant Wetzel, AFT has suffered and continues to suffer substantial money damages in an amount that is difficult to determine and thus will be proven at trial but that on information and belief is in excess of $1,500,000.

43.

Unless and until Wetzel is ordered to comply with the provisions of the NDA, AFT is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill, for which AFT has no adequate remedy at law.

44.

The threat of future injury to AFT's business, goodwill, and reputation requires that Wetzel be preliminarily and permanently enjoined and ordered to perform his contractual post-termination obligations under the NDA to prevent his continued breach and to ameliorate and mitigate AFT's injuries.

SECOND CLAIM FOR RELIEF

(Uniform Trade Secrets Act, RCW 19.108 et seq.)

(Against Wetzel and ESC)

45.

AFT repeats and realleges Paragraphs 1 through 35 of its Complaint as if fully set forth herein.

46.

AFT is the owner of multiple trade secrets relating to techniques for treatment of biogases; chemicals and other products that are particularly effective for use in those techniques

PLAINTIFF'S COMPLAINT -12-
O:\9107001\0004a shr complaint WDWA.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

1  for biogas treatment; techniques for analyzing gases to determine needed treatments; and

2  customers and potential customers for AFT's products.

3                                           47.

4       Defendants Wetzel and ESC misappropriated AFT's trade secrets.

5                                           48.

6       Unless and until Wetzel and ESC are ordered to cease the use of AFT's trade secrets,

7  AFT is likely to be substantially injured in its business, including its goodwill and reputation,

8  resulting in lost revenues and profits, and diminished goodwill, for which AFT has no adequate

9  remedy at law.

10                                          49.

11      ESC and Wetzel's misappropriation was a proximate cause of damages to AFT in an

12  amount that is difficult to ascertain and thus will be proven at trial but on information and belief

13  is in excess of $1,500,000.

14                                          50.

15      As a result of the misappropriation, ESC received money or benefits that in justice

16  belong to AFT.

17                                          51.

18      By their wrongful conduct, Wetzel did willfully and maliciously misappropriate AFT's

19  trade secrets.  Therefore, AFT is entitled to exemplary damages in an amount not exceeding

20  twice any award for actual damages and unjust enrichment.

21                                          52.

22      The threat of future injury to AFT's business, goodwill, and reputation requires that

23  Wetzel and ESC be preliminarily and permanently enjoined from using or benefiting from

24

PLAINTIFF'S COMPLAINT -13-
O:\9107001\0004a shr complaint WDWA.doc

1  AFT's trade secrets to prevent their continued violation of law and to ameliorate and mitigate

2  AFT's injuries.

3  THIRD CLAIM FOR RELIEF

4  (Inducing Breach of Contract; and Tortious Interference With Contractual Relations)

5  (Against ESC)

6  53.

7  AFT repeats and realleges Paragraphs 1 through 35 of its Complaint as if fully set forth

8  herein.

9  54.

10  AFT had a valid contractual relationship with Wetzel in which Wetzel, in consideration

11  for payment or other consideration by AFT, entered into the NDA which imposed contractual

12  obligations on Wetzel in connection with AFT's Confidential Information.

13  55.

14  Defendant ESC knew of Wetzel's contractual obligations to AFT.

15  56.

16  By its wrongful actions, ESC intentionally induced Wetzel to breach his contract with

17  AFT and has tortiously interfered with AFT's contractual relations with Wetzel for the improper

18  purpose of obtaining AFT's Confidential Information and to unfairly compete with AFT.

19  57.

20  As a direct and proximate result of ESC's wrongful conduct, plaintiff AFT has suffered

21  and continues to suffer irreparable injury.

22  58.

23  As a direct and proximate result of defendant ESC's wrongful conduct, defendant ESC

24  has been unjustly enriched.

PLAINTIFF'S COMPLAINT -14-
O:\9107001\0004a shr complaint WDWA.doc

59.

As a direct and proximate result of defendant ESC's wrongful conduct, plaintiff AFT has been and continues to suffer money damages.  Damages to date are in an amount that is difficult to determine and thus will be proven at trial but on information and belief is in excess of $1,500,000.

FOURTH CLAIM FOR RELIEF

(Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq.)

(Against ESC and Wetzel)

60.

AFT repeats and realleges Paragraphs 1 through 35 of its Complaint as if fully set forth herein.

61.

AFT's computers and computer systems are "protected computers" under the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030(e)2).

62.

By their wrongful actions, defendant Wetzel intentionally accessed AFT's protected computer system, without authorization and/or in excess of authorized access, and thereby obtained information of value from AFT's protected computer system.

63.

By his wrongful actions, defendant Wetzel wronged AFT in its property rights by dishonest methods or schemes.

/ / /

/ / /

/ / /

PLAINTIFF'S COMPLAINT -15-
O:\9107001\0004a shr complaint WDWA.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

64.

By his wrongful actions, defendant Wetzel knowingly and with intent to defraud accessed AFT's protected computer system, without authorization and/or in excess of authorized access.

65.

By their wrongful actions, defendant Wetzel furthered the intended fraud, obtained unauthorized use of AFT's protected computer system, and obtained AFT's valuable proprietary information, the value of such exceeding $5,000 in value in any one year period.

66.

The wrongful conduct of defendant Wetzel was done with inducement from and with the knowledge and participation of defendant ESC, and/or for the benefit of defendant ESC and that ESC is equally responsible for the wrongful conduct of Wetzel.

67.

By their wrongful actions, defendants ESC and Wetzel intentionally accessed AFT's protected computer system without authorization, and as a result of such conduct, caused AFT damage and loss.

68.

The wrongful actions of defendants Wetzel and ESC have caused loss to AFT in an amount yet to be determined but that certainly exceeds $5,000 in value during any one year period, and Wetzel has been unjustly enriched through his use of such information. The activity of defendants ESC and Wetzel constitutes a violation of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C), (a)(4), (a)(5)(C), and AFT is entitled to full compensatory damages under that Act.

PLAINTIFF'S COMPLAINT -16-
O:\9107001\0004a shr complaint WDWA.doc

69.

Furthermore, it is inevitable that Wetzel will use, and he has used, such unlawfully gained information to benefit ESC and/or other competitors of AFT unless the Court prevents Wetzel from using and disseminating such information in the future.  Due to the damage that will occur to AFT's goodwill from such use AFT does not have an adequate remedy at law and unless the Court grants injunctive relief AFT will suffer irreparable injury.

WHEREFORE, Plaintiff AFT, having asserted clams for relief now prays for judgment against defendant ESC, and defendants Jeff and Jane Doe Wetzel individually and their marital community, as follows:

1.    An Order preliminarily and permanently enjoining Wetzel and ESC and their respective officers, agents, servants and attorneys, and all other persons who are in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from using or benefiting, directly and indirectly, from the use of AFT's confidential, proprietary and trade secret information, including without limitation the AFT Confidential Information;

2.    An Order preliminarily and permanently enjoining Wetzel and ESC and their respective officers, agents, servants and attorneys, and all other persons who are in active concert or participation with them who receive actual notice of the order by personal service or otherwise, immediately to destroy and to certify under oath the destruction of all of AFT's confidential, proprietary and trade secret information, including without limitation the AFT Confidential Information and all documents and information derived from such trade secrets;

3.    An Order preliminarily and permanently enjoining Wetzel and ESC and their respective officers, agents, servants and attorneys, and all other persons who are in active

PLAINTIFF'S COMPLAINT -17-
O:\9107001\0004a shr complaint WDWA.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

concert or participation with them who receive actual notice of the order by personal service or

otherwise, to impose a constructive trust on and provide a detailed accounting of all revenues

derived from the use of the AFT Confidential Information and/or the misappropriation of AFT's

protected trade secrets;

4.      An Order requiring Wetzel and ESC to disgorge all unjust enrichment as a result

of taking and use of AFT Confidential Information;

5.      An Order preliminarily and permanently enjoining Wetzel and ESC and their

respective officers, agents, servants and attorneys, and all other persons who are in active

concert or participation with them who receive actual notice of the order by personal service or

otherwise, for a reasonable time from pursuing any of the business opportunities relating to

biogas processing that was identified specifically or by reference in any of the AFT Confidential

Information;

6.      An Order preliminarily and permanently enjoining Wetzel and ESC and their

respective officers, agents, servants and attorneys, and all other persons who are in active

concert or participation with them who receive actual notice of the order by personal service or

otherwise, for a reasonable time from negotiating or contracting with any suppliers or customers

with whom AFT has a current business relationship;

7.      For compensatory damages from Wetzel and ESC, jointly and severally, in an

amount to be proven at trial but that is believed to be in excess of $1,500,000;

8.      For exemplary damages in an amount not to exceed twice any award for actual

damages and unjust enrichment under RCW 19.108.030(2);

9.      For its reasonable attorney's fees and legal costs in an amount to be determined

by the Court; and

/ / /

PLAINTIFF'S COMPLAINT -18-
O:\9107001\0004a shr complaint WDWA.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

10.    For such other relief as the Court deems just and equitable in the premises.

DATED this 22nd day of July, 2009.

PARSONS FARNELL & GREIN, LLP

By:  /s/ Seth H. Row

John D. Parsons, WSB #33230
Seth H. Row, WSB #32905
1030 SW Morrison Street
Portland, OR 97205
Telephone: (503) 222-1812
Facsimile: (503) 274-7979
E-mail: jparsons@pfglaw.com
E-mail:  srow@pfglaw.com
Attorneys for Plaintiff

PLAINTIFF'S COMPLAINT -19-
O:\9107001\0004a shr complaint WDWA.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

# CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT

**THIS CONFIDENTILAITY AND NON-DISCLOSURE AGREEMENT ("AGREEMENT")** is entered into as of August 1,2003, by and between Applied Filter Technology, Inc., a Washington corporation, having offices located at 19524 75th Avenue. S.E., Snohomish, WA. 98296 (hereinafter called "AFT") and Jeff Wetzel (hereinafter called "Employee"). (AFT and Employee may be hereinafter referred to jointly as the "PARTIES" or singularly as a "PARTY"). AFT is interested in sharing and developing CONFIDENTIAL INFORMATION with the Employee which might lead to comprehensive investments, patents, or other agreements in or by AFT for the purpose of advancing sales of SAG Filtration Technology in landfill, digester and other methane applications. The CONFIDENTIAL INFORMATION exchanged, to be exchanged or developed under the employment of the Employee may include but is not limited to, proprietary information including access to formulae, engineering, inventions, processes, costs and prospective project or opportunity locations, customer and related information concerning the business affairs, marketing strategies and operations of AFT.

**IN CONSIDERATION OF** the mutual covenants hereinafter set forth and of other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the PARTIES hereby agree as follows:

1.      The term "CONFIDENTIAL INFORMATION" means all technical and nontechnical information of DISCLOSER, as defined below, including but without limitation:  all information provided in confidence, the substance or identification, which relates to product and business plans, research, engineering, development, marketing, distribution, technical processes and formulas, product designs, sales, costs, and other unpublished financial information, revenues, usage rates, projections and marketing data, ideas, copyrights, know-how, and trade secrets, whether such information is disclosed to RECIPIENT through a written or oral communication, or is received by observation. The PARTIES acknowledge and agree that CONFIDENTIAL INFORMATION does not include any information which:  (A) has been made public other than by acts of the RECIPIENT or its representatives (REPRESENTATIVES, as defined below) in violation of this AGREEMENT, (B) becomes available to RECIPIENT on a non-confidential basis prior to its disclosure by or on behalf of the DISCLOSER, or (C) becomes available to the RECIPIENT from a source not known to the RECIPIENT or its REPRESENTATIVES to be prohibited from transmitting the CONFIDENTIAL INFORMATION to the RECIPIENT.

2.      For the purposes of this AGREEMENT, "DISCLOSER" shall mean the PARTY disclosing the CONFIDENTIAL INFORMATION and "RECIPIENT" shall mean the PARTY receiving the CONFIDENTIAL INFORMATION from DISCLOSER

3.      RECIPIENT recognizes and acknowledges that CONFIDENTIAL INFORMATION has substantial value for commercial exploitation as well as a competitive value and that this CONFIDENTIAL INFORMATION must be protected as both proprietary and confidential in order to protect the DISCLOSER's business and strategic interests, and that damage could result to DISCLOSER if any of the CONFIDENTIAL INFORMATION is disclosed to any third party.  In maintaining the

Page 1 of 3

EXHIBIT _A_

PAGE _1_ OF _3_

confidentiality of CONFIDENTIAL INFORMATION disclosed hereunder, the, RECIPIENT shall employ reasonable procedures not less restrictive than the procedures ordinarily used by that party to protect its own personal confidential information.

4.      RECIPIENT agrees that the CONFIDENTIAL INFORMATION will be used solely for the purpose of conducting business and implementing the OPPORTUNITIES or ACTIVITIES described above as employee.

5.      This agreement shall be effective as of the date hereof and up to 1 year after the EMPLOYEE's employment is terminated for just cause (non-performance as pertaining to THIS AGREEMENT) or leaves the company voluntarily. IN NO EVENT shall the EMPLOYEE be subject to the terms and conditions of THIS AGREEMENT due to cessation of business by AFT for any reason.

6.      Upon DISCLOSER's request, RECIPIENT will promptly return to DISCLOSER all copies of all CONFIDENTIAL INFORMATION furnished to RECIPIENT or its REPRESENTATIVEs and will destroy all analyses, compilations, studies, and other material prepared by RECIPIENT or its REPRESENTATIVES based in whole or in part on such CONFIDENTIAL INFORMATION.

7.      The PARTIES recognize and agree that neither the execution of this AGREEMENT nor the furnishing of CONFIDENTIAL INFORMATION by one PARTY shall be construed as granting to the other PARTY either expressly, by implication, or by otherwise any license or right under any patent, copyright, trademark, trade secret, or other intellectual property right, owned or controlled by the disclosing PARTY either presently or hereafter.

8.      RECIPIENT shall deliver to DISCLOSER such certifications of compliance with the terms of this AGREEMENT as DISCLOSER may reasonably request.

9.      RECIPIENT agrees that money damages would not be sufficient remedy for any breach of this AGREEMENT by it or its REPRESENTATIVES, and that, in addition to all other remedies, DISCLOSER shall be entitled to specific performance and injunctive relief or equitable relief, in ex parte without bond, for any such breach. RECIPIENT agrees to be RESPONSIBLE for any breach of this AGREEMENT by any of its REPRESENTATIVES hereunder. RECIPIENT agrees to REIMBURSE DISCLOSER for all costs and expenses including reasonable attorney's fees incurred by DISCLOSER in this regard, provided RECIPIENT or its REPRESENTATIVES are found to have violated this AGREEMENT by a court of competent jurisdiction.

10.     No failure to delay by DISCLOSER or any of its REPRESENTATIVES in exercising any right, power or privilege under this AGREEMENT shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise of any right, power or privilege hereunder. No provision of this AGREEMENT may be waived or amended nor any consent given except in writing signed by a duly authorized representative of DISCLOSER, which specifically refers to this AGREEMENT and the provisions so amended or for which such waiver or consent is given.

Page 2 of 3

11.   Each PARTY represents to the other PARTY: (a) that this AGREEMENT constitutes a valid, legal, and binding obligation of the PARTY enforceable in accordance with its terms against the PARTY, its affiliates, successors, assigns, and (if applicable) partners; (b) that no governmental, regulatory, or any other consent (public or private) is required for the PARTY to perform as required hereunder; (d) that there are no proceedings of any kind threatened or pending that could (i) require the PARTY to disclose the CONFIDENTIAL INFORMATION received or the terms hereof or (ii) adversely affect the PARTY's ability to perform hereunder; and (d) that the signatory hereof on behalf of the PARTY is duly authorized to bind PARTY.

12.   This AGREEMENT sets forth the entire agreement of the PARTIES with regard to the subject matter thereof and supersedes all prior agreements, discussions, and communications, if any, and shall be binding upon deter to the benefit of the successors and assigns of either PARTY hereto, including employees, officers, directors, shareholders and affiliates.

13.   The validity, construction and performance of this AGREEMENT shall be governed by the laws of the State of Washington, without regard to provisions regarding conflicts of law. If any provisions of this AGREEMENT are held by a court of competent jurisdiction to be invalid under any applicable statute or rule of law, they are to that extent to be deemed omitted and the remaining provisions of this AGREEMENT shall remain in full force and effect.

**IN WITNESS WHEREOF**, the PARTIES have caused this AGREEMENT to be executed by their duly authorized officers on the date first set forth as above.

APPLIED FILTER TECHNOLOGY, INC.          JEFFREY WETZEL

By: Paul Tower                           By: _JEFFREY V. WETZEL_

Name: _____                  Name: _____

Title: _____                 Title: _TECHNICAL DIRECTOR_

"FIRST PARTY"                            "SECOND PARTY"

Page 3 of 3