**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| APPLIED FILTER TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JEFF WETZEL, individually, and the marital community of JEFF WETZEL and JANE DOE WETZEL; ENVIRONMENTAL SYSTEMS AND COMPOSITES, INC., a Washington corporation, <br><br> Defendant. | Case No. C09-1040JLR <br><br> DEFENDANTS' SURREPLY IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER |

Pursuant to Local Rule 7(g), Defendants Jeffrey Wetzel and Environmental Systems and Composites, Inc. ("ESC") request the Court to strike material in Plaintiff Applied Filter Technology's Reply in Support of Application for Order to Show Cause ("AFT's reply brief") and the Second Supplemental Declaration of Paul Tower in Support of Plaintiff's Injunction Motions (the "third Tower declaration").

AFT filed its motion for a temporary restraining order ("TRO") on July 24, 2009. In support of the motion, AFT submitted a declaration by AFT owner, Paul Tower, in which he alleged, as specific examples of defendants' wrongdoing, that: (1) Defendant ESC bid on two particular projects—Ina Road and Richmond—that were not publicly known, but were known to Wetzel through his access to AFT's confidential information; (2) Wetzel contacted a specific (though unidentified) AFT supplier about an AFT proprietary chemical compound; and (3) Tower had been "informed" by unspecified sources that defendants were claiming they had AFT

DEFENDANTS' SURREPLY IN OPPOSITION TO
MOTION FOR TEMPORARY RESTRAINING ORDER - 1

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

technology. Based on these speculation- and hearsay-based allegations, AFT asked the Court to conclude defendants were improperly using confidential AFT information to compete with AFT. On Thursday, July 30, AFT submitted a second declaration of Tower, providing further hearsay information concerning Wetzel's alleged contacts with the supplier alluded to in Tower's first declaration.

Defendants responded to AFT's motion on Friday, July 31, 2009. Their declarations, based on personal knowledge, established, among other things, that: (1) ESC learned of the Ina Road and Richmond projects from an entirely lawful source independent of Wetzel and AFT; (2) Wetzel's contacts with the supplier were not based on and did not involve AFT confidential information and did not interfere with the supplier's relationship with AFT; and (3) neither Wetzel nor ESC has claimed to possess or be using AFT technology.

On Monday, August 3, 2009, AFT filed its reply brief and the third Tower declaration, which omitted mention of the first two issues entirely and instead introduced two entirely new sets of hearsay allegations that Tower claimed to have learned "late last week." The first set of allegations related to ESC's purported contacts with a *different* AFT supplier, the second to an ESC bid on a *different* project than those mentioned previously. Tower's third declaration also expanded on his earlier hearsay allegation that Wetzel and ESC have been claiming to possess AFT technology, now contending that "over the last month," he has received a number of communications on the subject from unidentified "partners, suppliers, and potential customers." Relying on the allegations in the third Tower declaration, AFT's reply brief argues that ESC must have AFT confidential information, and that AFT has thus shown a likelihood of success on the merits of its claims, as well as likely irreparable injury to its goodwill.

Implicitly recognizing that allowing inclusion of such new evidence and argument in a reply brief unfairly prevents the opposing party from responding, courts have stricken or refused to consider such new information. *See, e.g., Willard v. Fairfield Southern Co.*, 472 F3d 817, 825 n. 4 (11th Cir. 2006); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999); *Seglin v. Esau*, 769 F.2d 1274, 1277 n. 1 (7th Cir. 1985) (local rule prohibiting introduction of new matter in reply

DEFENDANTS' SURREPLY IN OPPOSITION TO
MOTION FOR TEMPORARY RESTRAINING ORDER - 2

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

1  brief is necessary because otherwise opposing party would have to be allowed to file
2  supplemental brief, which would lead to endless briefing).  That practice is particularly
3  appropriate in the circumstances here.

4  Defendants dispute Tower's hearsay account, and can provide specific evidence refuting
5  AFT's speculation that they used confidential AFT information in connection with the two
6  newly-asserted situations.  However, defendants had no reason to address those situations in their
7  declarations and brief responding to AFT's motion for TRO, as AFT did not mention them in its
8  opening materials.[1]

9  Tower's allegation that he has received a couple of communications a week over the last
10 month from unidentified sources about a variety of subjects implying ESC possesses confidential
11 AFT information is also new.  Moreover, the allegation is not only hearsay, but is so nebulous
12 that there is no way defendants can meaningfully respond, other than to assert general denials.
13 Such hearsay, lacking any specificity that would provide reliability or allow confirmation, should
14 not be considered as support for a TRO.

15 If considered by the Court without rebuttal, the allegations in the third Tower declaration
16 and AFT's reply would unfairly prejudice defendants.  Defendants therefore ask the Court to
17 strike the above-described allegations in the third Tower declaration, and all references to and
18 arguments relying on those allegations in AFT's reply brief.  If the Court chooses to consider
19 those allegations and arguments, defendants respectfully request an opportunity to submit
20 responsive declarations and argument.

21 DATED this 5th day of August, 2009.

SEBRIS BUSTO JAMES

/s/ Jillian Barron
Jillian Barron, WSBA No. 17964
Attorneys for Defendants

---

[1] Tower's assertion that he only learned of the situations "late last week" is almost certainly intended to avoid the specificity that would show he could have addressed those issues in his second declaration and thus given defendants an opportunity to respond to them.

DEFENDANTS' SURREPLY IN OPPOSITION TO
MOTION FOR TEMPORARY RESTRAINING ORDER - 3

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington  98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

**CERTIFICATE OF SERVICE**

I, Jillian Barron, certify under penalty of perjury under the laws of the United States that, on August 5, 2009 I caused to be served the attached document to the party listed below in the manner shown next to his name:

| | |
|---|---|
| John D. Parsons<br>Seth H. Row<br>Parsons Farnell & Grein, LLP<br>1030 SW Morrison Street<br>Portland, Oregon 97205<br>jparsons@pfglaw.com<br>srow@pfglaw.com<br>Attorneys for Plaintiff | ☐ Via First Class Mail<br>☐ By Fed Express<br>☐ Via Facsimile<br>☐ By Hand Delivery<br>☐ Via ABC Messenger<br>☒ Via ECF |

/s/ Jillian Barron
Jillian Barron

DEFENDANTS' SURREPLY IN OPPOSITION TO
MOTION FOR TEMPORARY RESTRAINING ORDER - 4

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005