1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

8  APPLIED FILTER TECHNOLOGY, INC.,

9  Plaintiff,  Case No. C09-1040JLR

10  vs.  ANSWER TO COMPLAINT

11  JEFF WETZEL, individually, and the marital  AND COUNTERCLAIMS
community of JEFF WETZEL and JANE DOE

12  WETZEL; ENVIRONMENTAL SYSTEMS
AND COMPOSITES, INC., a Washington

13  corporation,

14
Defendant.

15

16  Defendants Jeffrey Wetzel and Environmental Systems and Composites, Inc. ("ESC")

17  answer Plaintiff Applied Filter Technology, Inc.'s ("AFT's") Complaint as follows.  All

18  allegations not specifically admitted are denied.

19  <u>**NATURE OF THE ACTION**</u>

20  1.  Paragraph 1 is hortatory in nature and states no facts that require response.

21  Nevertheless, defendants deny they engaged in any unlawful conduct under the legal theories

22  asserted or otherwise.  Further, defendants believe AFT has failed to conduct a reasonable

23  inquiry into the facts, is ignoring facts within its knowledge, and is asserting its claims for

24  improper purposes, including to discourage and prevent defendants from engaging in lawful

25  competition with AFT.

26
27

ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 1

**PARTIES**

2.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2.

3.      Defendants admit that Wetzel is a resident of Lake Stevens, Washington, which is part of Snohomish County, and that Wetzel formerly served as a consultant to AFT.  Defendants deny the remainder of paragraph 3.

4.      Admit.

**JURISDICTION AND VENUE**

5.      Defendants deny that the facts alleged in the Complaint state a claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and therefore deny this Court has subject matter jurisdiction of AFT's claims pursuant to 28 U.S.C. § 1331.  In the event jurisdiction is found to exist, defendants do not contest venue in this District.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

6.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding AFT's formation and incorporation.  Defendants deny that AFT designs or produces any systems as alleged; AFT markets products and systems designed, developed, and produced by third parties, including defendants.  Defendants admit the remaining allegations in paragraph 6, relating to siloxanes, their use, and their impact on landfills and municipal digesters.

7.      Defendants deny that AFT designs, tests, or builds systems, or provides expertise as alleged; AFT markets products, systems, and services designed, developed, tested, and produced by third parties, including defendants.  Defendants admit AFT's customers include municipalities and other public entities.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 7.

8.      Deny.

9.      Deny.

ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 2

10.    Defendants admit that AFT has developed and cultivated relationships with customers and potential customers.  Defendants deny that AFT's information regarding customers and potential customers derives value from not being commonly known or publicly available; defendants state that such information is publicly available and is commonly known among practitioners in the biogas treatment industry.  Defendants further state that much of the information about customers and potential customers on which AFT has relied was provided to AFT by Wetzel, based on Wetzel's own knowledge and experience in the industry.  Defendants deny that AFT has taken any particular steps to keep information about its customers and potential customers confidential.

11.    Defendants admit that AFT has developed a network of suppliers.  Defendants are without sufficient knowledge or information to form a belief as to the truth of AFT's allegations that some suppliers produce products specifically for AFT or to its specifications under confidentiality agreements between the suppliers and AFT.  Defendants deny that AFT's information about its suppliers and their products derives value from not being commonly known or publicly available; defendants state that such information is publicly available and is commonly known among practitioners in the biogas treatment industry.

12.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12.  On information and belief, AFT has not developed proprietary, confidential, or trade secret products, processes, designs, techniques, or confidential and trade secret information relating to customers and suppliers.

13.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13.  Defendants state that a number of entities, including AFT customers and potential customers, have expressed dissatisfaction with or concern about AFT's products, processes, and services.

14.    Defendants deny that AFT has met its commitments with regard to warranties in all cases.  Defendants are without sufficient knowledge or information to form a belief as to the truth of whether AFT has provided service to customers beyond its warranty obligations.

ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 3

Defendants deny that AFT's products are unique.  Defendants deny that AFT's technology, which is actually technology designed and produced by third parties, has always been reliable. Defendants deny that AFT has earned goodwill among all its customers and potential customers. Defendants state that a number of entities, including AFT customers and potential customers, have expressed dissatisfaction with or concern about AFT's products, processes, services, and warranties.

15.    Admit.

16.    Admit.

### WETZEL'S CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT

17.    Defendants state that Wetzel began consulting for AFT on a part-time basis in about 1999 and began consulting for AFT at least 160 hours per month in August 2003.  With AFT's knowledge, Wetzel also continued to perform some work for other entities.  Defendants deny the allegations in paragraph 17 to the extent they are inconsistent with the above statement.

18.    Defendants state that a substantial portion of Wetzel's work as a consultant for AFT consisted of interpreting the raw data of analyses performed by outside laboratories of biogas samples submitted by potential AFT customers, and in recommending and designing treatment systems based on his calculations.  Wetzel also performed a wide array of other tasks for AFT.  Defendants deny that AFT developed proprietary filtration products, and otherwise deny the allegations in paragraph 18 to the extent they are inconsistent with the above statements.

19.    Defendants admit that in 2003 AFT asked Wetzel to work more hours as a consultant, and AFT and Wetzel executed the Confidentiality and Non-Disclosure Agreement attached as Exhibit A to the Complaint (the "NDA").  Defendants deny that AFT paid Wetzel a higher rate of compensation and deny the remaining allegations in paragraph 19.  Defendants state that AFT's President, Paul Tower, represented that if Wetzel contributed his knowledge, skills, and confidential information to AFT, Wetzel would eventually be made a part-owner of

ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 4

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington  98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

1  the company.  Wetzel relied on Tower's representation in accepting a lower hourly rate of

2  compensation and in entering the NDA.

3          20.    The NDA speaks for itself.  Defendants deny the remaining allegations in

4  paragraph 20.

5          21.    Defendants admit Wetzel developed information during his consulting

6  arrangement with AFT that AFT used in its business.  Defendants state that Wetzel additionally

7  disclosed to AFT his own confidential information that he developed prior to working for or

8  otherwise independently of AFT.  Defendants deny AFT had any confidential, proprietary, or

9  trade secret products, processes, designs, or techniques prior to Wetzel's disclosing and

10 developing such information.  Defendants deny that any information Wetzel developed was

11 AFT's confidential information.  Defendants state that some or all of such information was

12 Wetzel's confidential information.  Defendants admit that such information was subject to the

13 terms of the NDA in that AFT, as the recipient of Wetzel's confidential information, had a duty

14 to protect the confidentiality of such information, to use it only for specified purposes, and, upon

15 Wetzel's request, to return such information to Wetzel or destroy it.

16         22.    Defendants admit that AFT made some information available to Wetzel in paper

17 form and/or electronically.  Defendants are without sufficient knowledge and information to

18 form a belief as to whether any such information constituted confidential information within the

19 scope of the NDA, but state that Wetzel has not used or disclosed any information that may have

20 been confidential in violation of the NDA.

21         23.    Defendants are without sufficient knowledge or information to form a belief as to

22 the truth of the allegations in paragraph 23 regarding precautions taken by AFT to protect any

23 confidential and proprietary information it may have had.  Defendants state that Wetzel had

24 access only to his own computer at AFT and a public folder on the AFT server that was available

25 to everyone working for AFT.  Wetzel also had remote access to his own email account on

26 AFT's computer system throughout the period he consulted for AFT.  On information and belief,

27 defendants deny that AFT had any employees during the period Wetzel consulted for AFT.

ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 5

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington  98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

24.    The NDA speaks for itself, and states that the "DISCLOSER" of information is entitled to certain remedies.  Defendants deny that Wetzel has breached the NDA such that AFT is entitled to any of the NDA's remedies.

<u>**WETZEL'S BREACHES OF HIS OBLIGATIONS TO AFT**</u>

25.    Defendants admit that Lowell Howard formed ESC but affirmatively state that he did so in 1979, at which time the company's name was Howard Industrial Plastics.  Defendants deny that Howard individually worked as a consultant to AFT, but state that ESC did so. Defendants deny the remaining allegations in paragraph 25.

26.    Deny.

27.    Defendants deny that Wetzel began downloading large quantities of AFT's data from AFT's computer system in 2007.  Defendants state that during the time he consulted for AFT, Wetzel was provided with AFT data, some of which he stored on portable electronic storage drives for the sole purpose of performing his consulting work for AFT.  Defendants deny that Wetzel failed to accurately disclose the purpose and extent of his use of AFT information. Defendants state that AFT knew of and approved Wetzel's use of AFT information.  Defendants are without sufficient knowledge or information to form a belief as to whether any of the AFT information Wetzel stored on his portable electronic drives constituted confidential information within the scope of the NDA, but state that Wetzel has not used or disclosed any information that may have been confidential in violation of the NDA.

28.    Defendants state that Wetzel informed AFT in writing on June 1, 2009 that he would be terminating his consulting work for AFT.  Defendants deny the remaining allegations in paragraph 28.

29.    The NDA speaks for itself.  Defendants affirmatively state that Wetzel was never "employed" by AFT.

30.    The NDA speaks for itself and states that upon request by the "DISCLOSER," the "RECIPIENT" of confidential information has certain obligations. Defendants otherwise deny the allegations in paragraph 30.

ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 6

1    31.    Defendants admit that Tower, AFT's owner and President, sent an email to

2    Wetzel on June 16, 2009, stating that Wetzel needed "to immediately return all AFT related

3    work product and intellectual property."  Wetzel's counsel responded to Tower's email the same

4    day, conveying Wetzel's assurance that he had no AFT property, and requesting specification of

5    any AFT property that AFT believed Wetzel possessed.  AFT has never provided any such

6    specification.  On information and belief, Wetzel has not failed to return any property or

7    information he was obligated to return to AFT under the NDA or otherwise.  Defendants deny

8    the remaining allegations in paragraph 31.

9    32.    Defendants admit that counsel for AFT sent a letter to Wetzel's counsel, dated

10   June 25, 2009, which stated that certain portable hard drives needed "to be returned, or the data

11   transferred and returned and the hard drives erased."  Defendants affirmatively state that the

12   portable hard drives in question are property of Wetzel and contain proprietary, personal, and

13   confidential information of Wetzel.  Defendants deny that Wetzel was obligated to provide those

14   hard drives to AFT. On information and belief, Wetzel has not failed to return any information

15   on the hard drives or otherwise that he was obligated to return to AFT.  Defendants deny the

16   remaining allegations in paragraph 32.

17   33.    Defendants admit that since 2007, ESC has been the successful bidder on three

18   projects on which AFT was also a bidder.  Defendants deny that ESC offered to provide,

19   provided, or used any AFT confidential information or trade secrets in bidding for those projects

20   or any other project.  Defendants deny the remaining allegations in paragraph 33.

21   34.    Deny.

22   35.    Deny.

### FIRST CLAIM FOR RELIEF

(Breach of Confidentiality and Non-Disclosure Agreement)

(Against Wetzel)

26   36.    Defendants incorporate their prior admissions and denials.

27

ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 7

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington  98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

1    37.    Deny that Wetzel was ever employed by AFT or signed and agreed to be bound

2   by the NDA as a condition of employment.

3    38.    Deny.

4    39.    Deny.

5    40.    Deny.

6    41.    Deny.

7    42.    Deny.

8    43.    Deny.

9    44.    Deny.

10    **SECOND CLAIM FOR RELIEF**

11    (Uniform Trade Secrets Act, RCW 19.108 et seq.)

12    (Against Wetzel and ESC)

13    45.    Defendants incorporate their prior admissions and denials.

14    46.    Deny.

15    47.    Deny.

16    48.    Deny.

17    49.    Deny.

18    50.    Deny.

19    51.    Deny.

20    52.    Deny.

21    **THIRD CLAIM FOR RELIEF**

22    (Inducing Breach of Contract; and Tortious Interference With Contractual Relations)

23    (Against ESC)

24    53.    Defendants incorporate their prior admissions and denials.

25    54.    Defendants admit that AFT and Wetzel entered the NDA, which imposed mutual

26   obligations on the parties with respect to any confidential information one party disclosed to the

27   other.

ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 8

55.    Deny.

56.    Deny.

57.    Deny.

58.    Deny.

59.    Deny.

**FOURTH CLAIM FOR RELIEF**

(Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq.)

(Against ESC and Wetzel)

60.    Defendants incorporate their prior admissions and denials.

61.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 61.

62.    Deny.

63.    Deny.

64.    Deny.

65.    Deny.

66.    Deny.

67.    Deny.

68.    Deny.

69.    Deny.

**AFT'S PRAYER FOR RELIEF**

Defendants deny they acted wrongfully in any respect and deny that AFT is entitled to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

By way of affirmative defenses, defendants allege as follows:

1.    AFT has failed to state a claim upon which relief may be granted.

2.    AFT's claims are barred in whole or in part by the applicable statute of limitations.

ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 9

3.      Any and all damages sustained by AFT, which are expressly denied, were proximately caused by its own actions or omissions, and not by any unlawful conduct of defendants.

4.      AFT has unclean hands and therefore is not entitled to equitable relief.

5.      AFT's claims are frivolous and advanced without proper cause.

Defendants specifically reserve the right to raise additional affirmative defenses as they may become known through pre-trial discovery.

## COUNTERCLAIMS

## JURISDICTION AND VENUE

1.      Plaintiff Applied Filter Technology, Inc. ("AFT") alleges it is a Washington corporation with its principal place of business in Snohomish, Washington.

2.      Counterclaimant Jeffrey Wetzel resides in Lake Stevens, Washington.

3.      Counterclaimant Environmental Systems and Composites, Inc. ("ESC") is a Washington corporation with its principal place of business in Redmond, Washington.

4.      This Court has jurisdiction over Wetzel's and ESC's counterclaims under 28 U.S.C. § 1331 and 28 U.S.C. § 1367 because AFT's actions violate the Lanham Act, 15 U.SC. § 1125, and the non-federal counterclaims are so related to the federal claims on which counterclaimants and AFT base original jurisdiction that they form part of the same case or controversy.

5.      Venue is proper in this Court because AFT represents itself to be a resident of this district, and AFT's unlawful acts have caused damage to counterclaimants in this district.

## FACTS

6.      Counterclaimant Jeffrey Wetzel has been working as an employee, consultant, and developer/inventor in the areas of gas purification, air purification, process engineering, and related fields for approximately 38 years.  During that time, he developed the core gas treatment technology that is the leading technology used in the world for removal of siloxanes from biogas. Wetzel also developed a number of other procedures, techniques, and systems related to biogas

ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 10

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington  98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

1    purification, including the interpretation of contaminated gas and air analytical data for the

2    purpose of determining appropriate treatment strategies.

3        7.    In 1998, Wetzel, Tower, and another individual formed a corporation, Applied

4    Sorbent Technologies, Inc. ("AST"), to market gas purification equipment to the U.S. gas

5    market.  Wetzel served as AST's engineer/scientist, and Tower as its sales representative.  Tower

6    soon left AST and began to compete with AST, using the name Applied Filter Technology.

7        8.    Between approximately 1999 and 2003, Tower, acting as AFT's President,

8    requested that Wetzel perform consulting work for AFT.  All Tower's actions then and thereafter

9    referred to in these counterclaims were taken on behalf of and as an agent of AFT.  Tower's

10   skills, knowledge, and experience were in marketing, not in analyzing biogas or designing or

11   producing biogas treatment processes, systems, or technology.  AFT had no employees, trade

12   secrets, or proprietary information of its own when Wetzel began consulting for AFT.  AFT

13   relied on Wetzel to provide information and guidance regarding the science of biogas, gas

14   analysis and interpretation, treatment processes, technology, suppliers, and potential customers.

15   Although Wetzel was an outside consultant, not an employee, AFT represented to outside parties

16   that Wetzel was the company's Director of Technology.  Tower also represented to AFT's Board

17   of Directors and potential investors that Wetzel was a Vice President and part-owner of the

18   company.

19       9.    In July 2003, Tower asked Wetzel to begin consulting for AFT at least 160 hours

20   per month, at a lower hourly rate than Wetzel had been receiving previously.  Tower and Wetzel

21   signed a "Confidentiality and Non-Disclosure Agreement," a copy of which is attached to AFT's

22   Complaint (the "NDA").  Tower represented that if Wetzel contributed his knowledge, skills, and

23   confidential information to AFT, Wetzel would eventually be made a part-owner of the

24   company.  In reliance on Tower's representation, and in order to protect his own confidential

25   information shared with AFT, Wetzel entered the NDA.  Wetzel also relied on Tower's

26   representation in accepting a lower hourly rate of compensation.

27

ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 11

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington  98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

10.     From August 2003 through June 15, 2009, Wetzel served as a consultant to AFT, advising the company and providing it guidance and information relating to biogas analysis and interpretation, treatment processes, design, technology, suppliers, potential customers, and other matters related to the biogas treatment industry.  Based on the protection afforded by the NDA and Tower's representations that Wetzel would be made a part-owner of AFT, Wetzel disclosed his own confidential information to AFT and allowed AFT to use such confidential information in its business.  Some of the information Wetzel disclosed to AFT, such as the spreadsheets and formulae he used to interpret biogas data and recommend treatment options, are unique and proprietary to Wetzel.  Such information derives its value from not being commonly known or publicly available, and Wetzel has taken steps to keep such information confidential.

11.     Before he began consulting for AFT, Wetzel began developing processes for removing siloxanes from gas using a segmented filtration system (the "SAG" process).  In approximately 2004, Tower asked Wetzel to permit Tower to be listed as one of the patent inventors and to assign the SAG patent to AFT.  Tower represented that in consideration for doing so, Wetzel would be given an ownership share in AFT.  Tower refused to provide a specific timeline in which Wetzel would be given an ownership share or to specify the size of the share he would be given, but he assured Wetzel he would be fairly compensated.  Based on Tower's representations, and in the belief that AFT would provide reasonable consideration, Wetzel did not oppose Tower being listed as one of the inventors of the SAG process, although Tower did not participate in its invention, and Wetzel signed an agreement assigning the SAG patent to AFT.  AFT has never provided Wetzel with part-ownership in the company or any other consideration for his assignment of the SAG patent.

12.     Some of the information Wetzel disclosed to AFT in connection with the SAG process is unique and proprietary to Wetzel.  Such information derives its value from not being commonly known or publicly available, and Wetzel has taken steps to keep such information confidential.

ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 12

13.    Wetzel also developed a process for removing siloxanes from a gas stream using a mineral-based adsorption media (the "HOX" process).  In approximately 2005, Tower asked Wetzel to permit Tower to be listed as one of the patent inventors and to assign the HOX patent to AFT.  Tower represented that in consideration for doing so, Wetzel would be given an ownership share in AFT.  Tower refused to provide a specific timeline in which Wetzel would be given an ownership share or to specify the size of the share he would be given, but he assured Wetzel he would be fairly compensated.  Based on Tower's representations, and in the belief that AFT would provide reasonable consideration, Wetzel did not oppose Tower being listed as one of the inventors of the HOX process, although Tower did not participate in its invention, and Wetzel signed an agreement assigning the HOX patent to AFT.  AFT has never provided Wetzel with part-ownership in the company or any other consideration for his assignment of the HOX patent.

14.    Some of the information Wetzel disclosed to AFT in connection with the HOX process is unique and proprietary to Wetzel.  Such information derives its value from not being commonly known or publicly available, and Wetzel has taken steps to keep such information confidential.

15.    Wetzel and Lowell Howard, President of ESC, developed a regenerable purification system for removal of siloxanes and volatile organic carbons from biogases (the "SWOP" process).  In approximately 2005, Tower asked Wetzel and Howard to permit Tower to be listed as one of the patent inventors and to assign the SWOP patent to AFT.  Tower represented that in consideration for doing so, Wetzel would be given an ownership share in AFT, and Howard would be given a portion of any income earned from the patent.  Wetzel and Howard refused to assign the SWOP patent to AFT.  Howard subsequently assigned his rights in the SWOP patent to ESC.  Although Tower did not participate in the invention of the SWOP process, he falsely represented to the U.S. Patent and Trademark Office that he had done so.  Neither AFT nor Tower has ever provided Wetzel, Howard, or ESC any consideration in connection with the invention of the SWOP process.

ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 13

16.    Some of the information Wetzel and Howard disclosed to AFT in connection with the SWOP process is unique and proprietary to Wetzel and Howard.  Such information derives its value from not being commonly known or publicly available, and Wetzel and Howard have taken steps to keep such information confidential.

17.    The SAG process was granted a patent in September 2007.  The HOX process was granted a patent in July 2008.  The SWOP process was granted a patent in August 2008.  On information and belief, AFT has marketed the SAG, HOX, and SWOP processes, claiming them as its property and receiving compensation for them from customers.

18.    After AFT filed this lawsuit, counsel for counterclaimants sent letters to AFT's counsel, requesting that, pursuant to the NDA, AFT return hard copies of Wetzel's confidential information and retain and not use or disclose electronic versions of such information.  In response, AFT has denied that certain items of Wetzel's confidential information, such as spreadsheets containing Wetzel's proprietary formulae and reports prepared based on his formulae, are confidential under the NDA, and AFT has indicated an intention to continue using such information. AFT also has denied, in general, that confidential information Wetzel provided to AFT in the course of his consulting work is covered by the NDA, and AFT has indicated an intention to continue using such information.

19.    ESC has been in business since 1979, going by the name of Howard Industrial Plastics prior to 1996.  ESC President Howard is a licensed Professional Engineer and is familiar with the market for biogas and other treatment technology, as well as with suppliers and potential customers in the biogas treatment field.  Howard has designed ESC's treatment processes and technology, including those for biogas, based on his own knowledge, skills, and experience.

20.    ESC performed consulting work for AFT during 2005 and 2006.  During that time, ESC designed and produced biogas treatment systems for AFT's customers, using ESC's own information and experience in the treatment industry.  After ESC's work for AFT ended, ESC continued to expand its work in the water, gas, and air treatment realms to biogas

ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 14

1  purification.  Since ESC's work for AFT ended, ESC and AFT have been competitors in the

2  biogas treatment industry.

3       21.  The purification/treatment industry is competitive, and involves primarily projects

4  for public entities.  ESC's work in air, water, and gas treatment has earned it a favorable

5  reputation among the entities who seek such services.  A number of contractors and engineers

6  have contacted ESC for assistance based on experience with or knowledge about the company

7  through other projects.  In the past year or two, a number of potential customers have contacted

8  ESC expressing dissatisfaction with or concern about AFT's products, processes, and services,

9  and have sought ESC's assistance with or advice on biogas treatment systems.

10       22.  Wetzel and Howard have been acquaintances for many years and have worked

11  together for some of the same companies.  When Howard learned Wetzel had ceased performing

12  consulting work for AFT, he contacted Wetzel to inquire whether Wetzel would be willing to

13  perform some consulting work for ESC.  As a result, Wetzel has performed some consulting

14  work for ESC.  At no time, during Wetzel's consulting relationship with AFT or since he left that

15  relationship, has he provided ESC or Howard with any proprietary or confidential AFT

16  information.

17       23.  On information and belief, since ESC ceased performing consulting work for

18  AFT, Tower or others acting as agents of AFT have made false and disparaging statements about

19  ESC to a number of ESC's suppliers and customers or potential customers, including that

20  Howard and ESC do not understand gas physics, do not know what they are doing, and that

21  ESC's gas treatment systems cannot be trusted to function properly.

22       24.  On information and belief, since ESC and Wetzel ceased performing consulting

23  work for AFT,  Tower or others acting as agents of AFT have, without legal grounds to do so,

24  threatened suppliers and customers or potential customers of Wetzel and ESC that if they do

25  business with Wetzel or ESC, they will risk a lawsuit by AFT.  For example, one supplier that

26  Wetzel located through an internet search initially offered to provide chemical products that

27  Wetzel was seeking for a project he was consulting on for ESC.  The supplier stated that it did

ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 15

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington  98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

1    not have an exclusive supply arrangement with AFT.  Subsequently the supplier reported that

2    Tower had threatened to sue the supplier if it worked with Wetzel, and the supplier therefore

3    would not provide any products to Wetzel.

4        25.    On information and belief, Tower or others acting as agents of AFT have falsely

5    informed at least one potential customer of ESC that AFT has sued Wetzel and ESC for patent

6    infringement, thus falsely indicating that Wetzel's and ESC's products and services violate AFT

7    patents.

8        26.    Over a period of approximately two years, ESC prepared and submitted

9    information on two projects, one for Richmond, California, the other for Ina Road, Arizona, as a

10   foundation for bidding on the projects.  The managing entities on those projects worked closely

11   with ESC and sought its input on project specifications.  The managing entities included ESC on

12   the list of approved suppliers for those projects, giving it a significant possibility of being chosen

13   to perform them.  On information and belief, AFT has made false and disparaging statements

14   about Wetzel and ESC to the managing entities or others involved in the selection process for

15   those projects, has informed such parties of its lawsuit against Wetzel and ESC, has threatened a

16   lawsuit if ESC was awarded the projects, and/or has otherwise taken steps to obstruct and

17   interfere with ESC's expectancy of being awarded those projects.  On information and belief, as

18   a result of AFT's misrepresentations, obstruction, and interference, ESC has been removed from

19   the list of approved suppliers for the Richmond and Ina Road projects, significantly reducing or

20   eliminating ESC's ability to be selected to perform the projects.  Had ESC been selected to

21   perform the projects, it would have offered Wetzel consulting work on them.

## CAUSES OF ACTION

### VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

24       27.    Counterclaimants incorporate their allegations in paragraphs 1 through 26 of their

25   Counterclaims.

26       28.    ESC and Wetzel market their products and services in interstate commerce.

27

ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 16

Sebris Busto James
14205 S.E. 36th Street, Suite 325
Bellevue, Washington  98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

29.     On information and belief, AFT has made material false and misleading representations about ESC's and Wetzel's products and services to a substantial segment of ESC's and Wetzel's potential customers, with the purpose of influencing those entities to instead buy AFT's products and services.

30.     AFT's false and misleading representations deceived or had the capacity to deceive a substantial segment of ESC's and Wetzel's customers and potential customers.

31.     On information and belief, AFT's false and misleading representations have caused ESC and Wetzel damages, the amount of which will be proven at trial.

32.     AFT's actions are likely to continue causing injury to ESC's and Wetzel's business, goodwill, and reputation unless the Court grants permanent injunctive relief.

## TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCIES

33.     Counterclaimants incorporate their allegations in paragraphs 1 through 26 of their Counterclaims.

34.     Wetzel and ESC had valid business expectancies in purchasing products from suppliers who agreed to sell them such products.  ESC had valid business expectancies in being selected to perform the Richmond and Ina Road projects.

35.     AFT was aware of Wetzel's and ESC's valid business expectancies.

36.     On information and belief, AFT intentionally interfered with Wetzel's and ESC's valid business expectancies, causing a termination of those expectancies.  On information and belief, AFT interfered with Wetzel's and ESC's business expectancies for an improper purpose, using improper means.

37.     On information and belief, AFT's unlawful interference with Wetzel's and ESC's valid business expectancies has caused Wetzel and ESC damages, the amount of which will be proven at trial.

38.     AFT's tortious interference with Wetzel's and ESC's valid business expectancies is likely to continue to cause damage to Wetzel's and ESC's business, goodwill, and reputation unless the Court grants permanent injunctive relief.

ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 17

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington  98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

**BREACH OF CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT**

39.    Counterclaimants incorporate their allegations in paragraphs 1 through 26 of their Counterclaims.

40.    As a condition of Wetzel providing AFT confidential information, AFT agreed to protect such information and be bound by the NDA.

41.    Relying on the protections of the NDA, Wetzel provided AFT confidential information, including spreadsheets containing Wetzel's proprietary formulae and reports prepared based on his formulae and other confidential information.

42.    AFT has breached its obligations under the NDA by refusing to return or to retain but not use or disclose Wetzel's confidential information.  AFT may also be breaching its obligations under the NDA by using and disclosing Wetzel's confidential information.

43.    AFT's breach of the NDA has caused or is likely to cause Wetzel damages, the amount of which is currently unknown but will be proven at trial.

44.    AFT's continued failure to comply with the NDA is likely to cause damage to Wetzel's business, goodwill, and reputation unless the Court grants permanent injunctive relief.

**VIOLATION OF THE UNIFORM TRADE SECRETS ACT ("UTSA"),**

**RCW Ch. 19.108**

45.    Counterclaimants incorporate their allegations in paragraphs 1 through 26 of their Counterclaims.

46.    Wetzel is the owner of trade secrets relating to interpretation of biogas data, techniques for the treatment of biogases, and other matters related to biogas treatment.  Such information derives its value from not being commonly known or publicly available, and Wetzel has taken steps to keep such information confidential.

47.    On information and belief, AFT has misappropriated Wetzel's trade secrets in violation of UTSA.

48.    AFT's misappropriation of Wetzel's trade secrets has caused or is likely to cause Wetzel damages, the amount of which will be proven at trial.

ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 18

49.     AFT's continued misappropriation of Wetzel's trade secrets is likely to cause damage to Wetzel's business, goodwill, and reputation unless the Court grants permanent injunctive relief.

## BREACH OF EXPRESS OR IMPLIED-IN-FACT CONTRACT

50.     Counterclaimants incorporate their allegations in paragraphs 1 through 26 of their Counterclaims.

51.     AFT requested that Wetzel agree to list Tower as an inventor on the SAG and HOX patents and to assign those patents to AFT.  AFT represented that Wetzel would be compensated for his agreements with an ownership share in AFT.

52.     In reliance on AFT's representations and in the expectation that he would be reasonably compensated, Wetzel agreed that Tower could be listed as an inventor on the SAG and HOX patents and Wetzel assigned those patents to AFT.

53.     AFT knew that Wetzel expected to be reasonably compensated for agreeing that Tower could be listed as an inventor on the SAG and HOX patents and for assigning those patents to AFT.

54.     AFT has not given Wetzel an ownership share in AFT or otherwise compensated him for agreeing that Tower could be listed as an inventor on the SAG and HOX patents and for assigning those patents to AFT.

55.     AFT has breached its express or implied-in-fact contracts with Wetzel.

56.     Wetzel is entitled to damages for AFT's breaches of contract, the amount of which will be proven at trial.

## QUASI-CONTRACT AND UNJUST ENRICHMENT

57.     Counterclaimants incorporate their allegations in paragraphs 1 through 26 of their Counterclaims.

58.     AFT has received a benefit from Wetzel and ESC (as the assignee of Howard's rights in the SWOP patent), in that Tower has listed himself as an inventor of the SWOP process,

ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 19

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington  98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

1  and, on information and belief, AFT has claimed and marketed the SWOP process as its property

2  and has received compensation as a result.

3       59.    AFT's claiming and marketing of the SWOP process has been at Wetzel's and

4  ESC's expense, as AFT has not acknowledged their invention of that process and has instead

5  claimed the process as AFT's property.

6       60.    AFT has no right to list the SWOP process as its property, as Wetzel and ESC

7  have not assigned their rights in the patent to AFT and Tower did not participate in the invention

8  of the SWOP process.  Under the circumstances, it would be unjust for AFT to retain the benefits

9  of claiming and marketing the SWOP process without payment to Wetzel and ESC.

10      61.    AFT should be required to pay Wetzel and ESC for its unjust enrichment, the

11 amount of which will be proven at trial.

**ABUSE OF PROCESS**

13      62.    Counterclaimants incorporate their allegations in paragraphs 1 through 26 of their

14 Counterclaims.

15      63.    On information and belief, AFT filed this action with the purpose of interfering

16 with and hindering ESC's and Wetzel's lawful right to use their own knowledge and information

17 to compete in the biogas industry.

18      64.    On information and belief, AFT has used the existence of this action to interfere

19 with and hinder ESC's and Wetzel's lawful right to use their own knowledge and information to

20 compete in the biogas industry, including by:  informing suppliers, customers, and potential

21 customers of ESC and Wetzel of the lawsuit and misrepresenting the nature of AFT's claims;

22 stating or implying that ESC and Wetzel are unlawfully using AFT's confidential and proprietary

23 information, without support for such allegations; and threatening that suppliers, customers, or

24 potential customers who work with ESC and Wetzel will risk being involved in this lawsuit or

25 being sued by AFT.

26      65.    On information and belief, AFT's wrongful abuse of process has caused ESC and

27 Wetzel to suffer damages, the amount of which will be proven at trial.

ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 20

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington  98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

## DEFENDANTS/COUNTERCLAIMANTS' PRAYER FOR RELIEF

WHEREFORE, Wetzel and ESC request entry of judgment that:

1.      AFT take nothing by its Complaint;

2.      AFT's claims be dismissed with prejudice;

3.      AFT pay Wetzel and ESC compensatory, quantum meruit, and unjust enrichment damages in an amount to be proven at trial;

4.      AFT pay exemplary damages for misappropriation of trade secrets under UTSA;

5.      AFT be permanently enjoined from making false and misleading representations about Wetzel and ESC, tortiously interfering with Wetzel's and ESC' valid business expectancies, and using Wetzel's confidential information and trade secrets;

6.      Wetzel and ESC be awarded reasonable attorneys' fees and costs of suit under the NDA, UTSA, and as otherwise permitted by law or equity; and

7.      Wetzel and ESC be awarded such other further relief as this Court may deem just and proper.


DATED this 29th day of September, 2009.


SEBRIS BUSTO JAMES

/s/ Jillian Barron
Jillian Barron, WSBA No. 17964
Attorneys for Defendants

ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 21

1

## CERTIFICATE OF SERVICE

2      I, Jillian Barron, certify under penalty of perjury under the laws of the United States that,

3 on September 29, 2009 I caused to be served the attached document to the party listed below in

4 the manner shown next to his name:

5

6 John D. Parsons                    ☐ Via First Class Mail
  Seth H. Row                        ☐ By Fed Express
7 Parsons Farnell & Grein, LLP       ☐ Via Facsimile
   1030 SW Morrison Street           ☐ By Hand Delivery
8 Portland, Oregon 97205             ☐ Via ABC Messenger
9 jparsons@pfglaw.com                ☒ Via ECF
   srow@pfglaw.com
10 Attorneys for Plaintiff

11

12                              /s/ Jillian Barron
                                Jillian Barron
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ANSWER TO COMPLAINT AND
COUNTERCLAIMS - 22