# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| APPLIED FILTER TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JEFF WETZEL, individually, and the marital community of JEFF WETZEL and JANE DOE WETZEL; ENVIRONMENTAL SYSTEMS AND COMPOSITES, INC., a Washington corporation, <br><br> Defendants. <br><br> JEFFREY WETZEL and ENVIRONMENTAL SYSTEMS AND COMPOSITES, INC., <br><br> Counter-Plaintiffs, <br> vs. <br><br> APPLIED FILTER TECHNOLOGY, INC., <br><br> Counter-Defendant. | Case No.  C09-1040JLR <br><br> **DEFENDANTS/COUNTERCLAIMANTS' RESPONSE TO AFT'S MOTION TO DISMISS** |

Plaintiff Applied Filter Technology, Inc. ("AFT") has moved to dismiss two counterclaims asserted by Defendants Jeffrey Wetzel and Environmental Systems and Composites, Inc. ("ESC"), those for quasi contract/unjust enrichment and abuse of process. Because defendants have properly stated claims for those causes of action, they oppose dismissal. If the Court find those counterclaims insufficiently stated, defendants request permission to amend their counterclaims.

DEFENDANTS/COUNTERCLAIMANTS' RESPONSE TO AFT'S MOTION TO DISMISS - 1

### I. Quasi Contract/Unjust Enrichment

AFT contends that defendants' claim for unjust enrichment must be dismissed for one of two reasons: either the claim conflicts with AFT's right to make, use, or sell the SWOP process under 25 U.S.C. § 262, or, to the extent defendants challenge Tower's inventorship, which he reportedly assigned to AFT, their claim is preempted by federal patent law.

Defendants' unjust enrichment claim neither conflicts with, nor is preempted by, patent law. The essentials of the claim are that: (1) AFT received a benefit from Wetzel and ESC's President, Lowell Howard, in the form of information about the SWOP process sufficient to support application for a patent; (2) receipt of that benefit was at defendants' expense, because they shared the information with AFT in the expectation that they would be compensated for it, and they would not have shared the information otherwise; and (3) without compensating defendants for the information they provided, AFT has used defendants' information, not only by patenting the SWOP process with Tower listed as an inventor, but, on information and belief, by claiming the SWOP process as AFT's invention and earning revenue from licensing the process. These factors are sufficient to state a claim for unjust enrichment under Washington law. *See Young v. Young*, 164 Wn.2d 477, 484-85, 191 P.3d 1258, 1262 (2008).

The Federal Circuit Court of Appeals, which has exclusive jurisdiction over appeals from final decisions of district courts on patent matters (*see* 28 U.S.C. § 1295(a)(1)), has held that unjust enrichment claims such as the one asserted by defendants are not preempted by patent law. *See Thompson v. Microsoft Corp.*, 471 F.3d 1288 (Fed. Cir. 2006). In *Thompson*, the plaintiff alleged he shared certain information with Microsoft in confidence, with the understanding that the company would not appropriate the information for its own use. Microsoft subsequently filed for and obtained patents that allegedly incorporated the plaintiff's information and technology. The plaintiff filed an action claiming unjust enrichment based on Microsoft's misappropriation, patenting, and use of his intellectual property, and the benefit the company obtained as a result. Granting a motion by Microsoft, the district court dismissed the unjust enrichment claim, concluding it was preempted by federal patent law. On appeal, the Federal Circuit concluded it lacked jurisdiction, because the plaintiff's claim did not arise under

DEFENDANTS/COUNTERCLAIMANTS' RESPONSE TO
AFT'S MOTION TO DISMISS - 2

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

1  and was not preempted by patent law. According to the Federal Circuit, that Microsoft allegedly
2  had obtained patents using the plaintiff's information, even if true, did not make determination of
3  disputed inventorship necessary to the success of the unjust enrichment claim; rather, the
4  question was whether Microsoft had been unjustly enriched by its use of the plaintiff's
5  information. *Id*. at 1291-92.

6        Other cases have similarly rejected arguments that unjust enrichment claims related to
7  patented information are preempted by patent law. *See, e.g., Massachusetts Eye and Ear*
8  *Infirmary v. QLT Phototherapeutics, Inc.,* 412 F.3d 215 (1st Cir. 2005) (permitting unjust
9  enrichment claim alleging that defendant induced plaintiff to agree to expanded scope of patent
10 in exchange for compensation, but then provided none; also approving hypothetical unjust
11 enrichment claim alleging that a defendant manipulated or forced inventor to include defendant
12 as patent co-inventor, with assurances of future compensation it did not intend to fulfill);
13 *University of Colorado Foundation, Inc. v. American Cyanamid Co*., 342 F.3d 1298, 1306 (Fed.
14 Cir. 2003) (unjust enrichment claim springs not from attempt to enforce intellectual property
15 rights, but from defendant's alleged wrongful use of plaintiffs' information).

16       The only case AFT cites in support of dismissal of defendants' unjust enrichment claim is
17 not on point here. In *Methode Electronics Inc. v. Hewlett-Packard Co*., 2000 U.S. Dist. LEXIS
18 12701 (N.D. Cal. 2000), the plaintiff sued for patent infringement. One of the defendants,
19 Finisar Corporation, asserted a number of counterclaims, including one for unjust enrichment.
20 When the plaintiff moved to dismiss some of the counterclaims, Finisar acknowledged those
21 claims were based, not on the plaintiff's misappropriation of confidential information, but solely
22 on the plaintiff's listing of itself as the only owner of the patents and its failure to name Finisar
23 as a co-inventor. The court concluded the focal point of the counterclaims was the plaintiff's
24 conduct *before the U.S. Patent Office* ("PTO"), and that the claims were therefore preempted.

25       Here, although defendants do contend AFT wrongly listed Tower as an inventor, their
26 unjust enrichment claim is based not on AFT's conduct before the PTO, but on AFT's
27 misappropriation and use of defendants' information without compensation, which has resulted
28

DEFENDANTS/COUNTERCLAIMANTS' RESPONSE TO
AFT'S MOTION TO DISMISS - 3

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

in AFT being unjustly enriched.  Such a claim is not covered by the decision in *Methode Electronics*.  *See Massachusetts Eye and Ear Infirmary*, 412 F.3d at 236-37.

Nor does AFT's alleged ownership interest in the SWOP patent (derived from Tower's assignment of his interest, which resulted from his inaccurate self-identification as an inventor) bar defendants' unjust enrichment claim.  The unjust enrichment claim does not challenge AFT's right to use or license the SWOP patent *under federal patent law*, but rather seeks to recover the amount by which AFT has been unjustly enriched as a result of its misappropriation of defendants' information.  *Thompson* indicates that such an unjust enrichment claim may be asserted without litigating the issue of inventorship of the patents in question.  *See Thompson*, 471 F.3d at 1292 (inventorship is not necessary to the success of the plaintiff's unjust enrichment claim).

Defendants' factual allegations and stated cause of action sufficiently states a claim for unjust enrichment that is not in conflict with or preempted by federal patent law.  While defendants dispute Tower's inventorship, and therefore his and AFT's joint ownership of the SWOP patent, formal determination of the patent's inventorship is not necessary to defendants' unjust enrichment claim.

Nevertheless, if the Court believes further allegations are necessary to support this claim, defendants request the opportunity to amend their counterclaims to make clear that the unjust enrichment claim is based on their provision to AFT of the information underlying the SWOP patent, and AFT's use of such information without compensating defendants, such that it is unjust for AFT to retain the benefit of defendants' information without payment.  If considered necessary by the Court to support the unjust enrichment claim, defendants also request the opportunity to assert a counterclaim under 35 U.S.C. § 256 to correct the SWOP patent to remove Tower as an inventor and to add Howard in his stead.  *See Stark v. Advanced Magnetics, Inc.,* 119 F.3d 1551 (Fed. Cir. 1997) (section 256 allows deletion of misjoined inventor, whether that error occurred by deception or innocent mistake, and addition of an unnamed actual inventor who is free of deceptive intent).

DEFENDANTS/COUNTERCLAIMANTS' RESPONSE TO
AFT'S MOTION TO DISMISS - 4

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington  98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

## II. Abuse of Process Claim

AFT also challenges defendants' abuse of process claim. Abuse of process is the misuse of process after it has been issued for an end other than that which it was designed to accomplish. *Loeffelholz v. Citizens for Leaders with Ethics & Accountability Now,* 119 Wn. App. 665, 699, 82 P.3d 1199 (2004); *Batten v. Abrams,* 28 Wn. App. 737, 745, 626 P.2d 984 (1981). A claim of abuse of process requires two essential elements: (1) an ulterior purpose, that is, to accomplish an object not within the proper scope of the process; and (2) a use of legal process not proper in the regular prosecution of the proceedings. *Fite v. Lee,* 11 Wn. App. 21, 27, 521 P.2d 964 (1974).

Defendants believe they have adequately alleged the first element of an abuse of process claim. In particular, on information and belief, AFT is pursuing this action, not to protect its confidential information, as it alleges, but rather to interfere with and hinder defendants' lawful right to use their *own* knowledge and information to compete in the biogas industry. Defendants based their belief on, among other things: their history of dealings with AFT; AFT's failure to identify any specific confidential information it alleges defendants have misappropriated and used; AFT's failure to identify who developed such information and how it was kept confidential; and defendants' knowledge that much, if not all, of the information AFT implies is confidential was in fact provided to AFT by defendants. Although AFT not surprisingly denies it is motivated by an improper purpose and contends it is acting only for legitimate reasons, such a dispute does not make defendants' allegations insufficient to support this element. *See Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S.Ct. 2197, 2200 (2007) (per curiam) (on motion to dismiss, all factual allegations in complaint must be accepted as true).

Defendants have also alleged that AFT has *used* process in the case in ways that are not part of the regular prosecution of the proceedings. Thus far, defendants have received information that AFT has used the existence of the action as a kind of marketing tool against defendants, to convince suppliers and potential customers that defendants have engaged in unlawful conduct, are using AFT's protected information, and that those who work with defendants will also be subject to legal action.

DEFENDANTS/COUNTERCLAIMANTS' RESPONSE TO AFT'S MOTION TO DISMISS - 5

Defendants can allege additional facts to support this element of their abuse of process claim, some of which they set forth in their response to AFT's motion for a temporary restraining order. That is, defendants believe the evidence shows that AFT's motion for a temporary restraining order—a use of the Court's process after the filing of the complaint—was intended to: (1) prevent defendants from legitimately competing with AFT for two projects, regardless of whether defendants were using their own information; and (2) through a request to copy all of defendants' computer hard drives and data storage drives, obtain competitive, confidential information about defendants' designs, plans, and proposals to which AFT had no lawful entitlement and to which it could not otherwise obtain access. That AFT withdrew its motion for preliminary injunction, following denial of its motion for a temporary restraining order, confirms that AFT was aware it had no grounds to pursue the anti-competitive Court order it had sought.

Additionally, AFT has indicated its intention to continue, through discovery, to seek copies of defendants' computer hard drives and data storage drives, allegedly to look for any AFT confidential information they may contain. Yet, to date, AFT has not identified one specific item of AFT confidential information it contends defendants possess or have used, despite the fact that AFT's computer expert has reportedly reviewed all files Wetzel uploaded to a storage device from the computer he used while consulting for AFT. Thus, the evidence indicates that AFT actually intends to use discovery to obtain information about *defendants'* business, designs, plans, and proposals.

Washington state courts do not appear to have addressed circumstances similar to those in this case. However, other courts have held that conduct similar to that alleged by defendants is sufficient to state a claim for abuse of process. *See T.B. Proprietary Corp. v. Sposato Builders, Inc. and Heyser Estates, Inc. v. Toll Brothers, Inc.*, 1996 U.S. Dist. LEXIS 6514 (E.D. Pa. 1996) (using depositions to intimidate and coerce opposing party and its potential witnesses); *WorldCom Inc. v. Transcend Allegiance*, 1998 U.S. Dist. LEXIS 2693 (N.D. Ill. 1998) (using process in suit to generate legal expenses, discourage potential suppliers, and discover opposing party's business plans and potential employees); *Datacomm Interface, Inc. v. Computerworld, Inc.*, 396 Mass. 760, 775-76, 489 N.E.2d 185 (1986) (use of groundless litigation as marketing tool against opposing party).

DEFENDANTS/COUNTERCLAIMANTS' RESPONSE TO
AFT'S MOTION TO DISMISS - 6

The Ninth Circuit has held that an abuse of process claim is a compulsory counterclaim to a claim of unfair competition and misappropriation of confidential information. *Pochiro v. Prudential Ins. Co.*, 827 F.2d 1246, 1252-53 (9th Cir. 1987). Thus, to the extent AFT's conduct is indicative of an abuse of process; defendants must assert their counterclaim on that issue in this action. This case is still in its early stages, and defendants do not yet know the full extent of AFT's use of process to date or how AFT may abuse process as the case progresses. If the Court finds that defendants' current allegations (including an amendment of defendants' counterclaims to include the additional allegations above) are insufficient to state a claim for abuse of process, defendants request that any dismissal of this claim be without prejudice to a later motion to amend based on additional factual information.

### III. Conclusion

For the above reasons, AFT's motion to dismiss should be denied. If the Court find either of the unjust enrichment and the abuse of process claims to be insufficiently pled, defendants respectfully request the opportunity to amend their allegations. In the event the Court finds dismissal of either claim warranted, defendants request that the dismissal be without prejudice.

DATED this 16th day of November, 2009.

SEBRIS BUSTO JAMES

/s/ Jillian Barron
Jillian Barron, WSBA No. 17964
Attorneys for Defendants

DEFENDANTS/COUNTERCLAIMANTS' RESPONSE TO AFT'S MOTION TO DISMISS - 7

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

**CERTIFICATE OF SERVICE**

I, Lindsey N. Krizek, certify under penalty of perjury under the laws of the United States that, on November 16, 2009 I caused to be served the attached document to the party listed below in the manner shown next to his name:

| | |
|---|---|
| John D. Parsons<br>Seth H. Row<br>Parsons Farnell & Grein, LLP<br>1030 SW Morrison Street<br>Portland, Oregon 97205<br>jparsons@pfglaw.com<br>srow@pfglaw.com<br>Attorneys for Plaintiff | ☐ Via First Class Mail<br>☐ By Fed Express<br>☐ Via Facsimile<br>☐ By Hand Delivery<br>☐ Via ABC Messenger<br>☒ Via ECF |

/s/ Lindsey N. Krizek
Lindsey N. Krizek

DEFENDANTS/COUNTERCLAIMANTS' RESPONSE TO
AFT'S MOTION TO DISMISS - 8

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005