UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| APPLIED FILTER TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>JEFF WETZEL, individually, and the marital community of JEFF WETZEL and JANE DOE WETZEL; ENVIRONMENTAL SYSTEMS AND COMPOSITES, INC., a Washington corporation,<br><br>Defendants.<br><br>JEFFREY WETZEL and ENVIRONMENTAL SYSTEMS AND COMPOSITES, INC.,<br><br>Counter-Plaintiffs,<br><br>vs.<br><br>APPLIED FILTER TECHNOLOGY, INC.,<br><br>Counter-Defendant. | Case No. C09-1040JLR<br><br>**PLAINTIFF/COUNTER-CLAIM DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)** |

Plaintiff/counter-claim defendant Applied Filter Technology, Inc. ("AFT") files this reply brief in support of its Motion to Dismiss (Ct. Dkt. 35) pursuant to Fed. R. Civ. P. 12 which

PLAINTIFF'S REPLY RE MOTION TO DISMISS -1-

O:\9107001\0048 shr reply to motion to dismiss.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

seeks an Order dismissing the counterclaims brought by defendant/counter-claim plaintiffs Jeffrey Wetzel ("Wetzel") and Environmental Systems and Composites, Inc. ("ESC") (collectively, "defendants") for "Quasi-Contract and Unjust Enrichment" and "Abuse of Process."

## REPLY IN SUPPORT OF MOTION

### A. Motion to Dismiss Quasi-Contract/Unjust Enrichment Counterclaim

Defendants' counterclaim for "Quasi-Contract/Unjust Enrichment" alleges that defendant Jeffrey Wetzel and defendant ESC provided information to AFT relating the SWOP Patent and that both have been deprived of revenue that in justice should be theirs in connection with that patent. Ct. Dkt. 32, at 20, ¶¶ 60-62. Plaintiff moved to dismiss the claim on the basis, *inter alia*, that it is inconsistent with 35 U.S.C. § 262, which provides that where there are multiple owners of a patent each of them is free to license and profit from the patent without having to account one to the other for such profits. Defendants' reply completely ignores 35 U.S.C. § 262, and attempts to convert plaintiff's Motion to Dismiss into a motion that is based on federal pre-emption. Ct. Dkt. 37. Plaintiff's motion, which is not premised on federal pre-emption of defendants' claim, should be granted because defendants have failed to state a plausible claim for which relief could be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 571, 127 S.Ct. 1955 (2007).

This Motion is premised on the argument that because federal patent law (35 U.S.C. § 262) states that a co-owner of a patent is entitled to license and profit from the patent without accounting to another co-owner, AFT's licensing and profiting from the SWOP patent cannot be "unjust" for purposes of defendants' claim. Defendants utterly fail to address this issue in their response.

PLAINTIFF'S REPLY RE MOTION TO DISMISS -2-

O:\9107001\0048 shr reply to motion to dismiss.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

In focusing on federal patent law pre-emption, defendants ignore their own allegations of fact. In Paragraph 15 of their Counterclaims (Ct. Dkt. 32 at 13-14, ¶15) defendants allege that Wetzel and ESC's owner Lowell Howard permitted Tower to be added as an inventor of the SWOP patent, and then refused to assign their own rights in the patent to AFT, as requested. ESC asserts that Howard then assigned his rights in the patent to defendant ESC. *Id.* Those assertions presuppose that defendants are co-owners of the SWOP patent.[1] Therefore, they are presumably permitted by 35 U.S.C. § 262 to fully license and profit from the SWOP patent, and, more importantly, *AFT is protected* by 35 U.S.C. § 262 from having to account to any other co-owners for any profits that it makes off of the SWOP patent. If defendants were permitted by statute to license the patent also, in what sense was AFT enriched "at [defendants'] expense?" *Young v. Young,* 164 Wn. 2d 477, 483-85, 191 P.3d 1258 (2008) (second element of claim is that benefits be received by defendant at plaintiff's expense). If federal patent law explicitly permits AFT to license and profit from the SWOP patent without having to account to other co-owners, in what way can that profiting be said to be "unjust?" *Id.* (third element of unjust enrichment claim is that retention of benefits by defendant be unjust). These are questions that defendants do not answer.

A fundamental premise of the cases cited by defendants is that the wrongdoer has excluded the wronged party from profiting from the patent in some manner. *See, e.g., Thompson v. Microsoft Corp.*, 471 F.3d 1288, 1289, 81 U.S.P.Q.2d 1155 (Fed. Cir. 2006) (Microsoft misappropriated invention and filed two patents, only disclosing inventor's work as

---

[1] Discovery may show that the facts are otherwise, but for present purposes the court must treat the plaintiff's factual allegations in the Answer and Counterclaims as true; this is not a motion for summary judgment. To the extent that defendants seek to change their allegations of fact they must re-plead their claims, if possible.

PLAINTIFF'S REPLY RE MOTION TO DISMISS -3-
O:\9107001\0048 shr reply to motion to dismiss.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

1  "prior art"); *Massachusetts Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 412 F.3d 215, 224, 75 U.S.P.Q.2d 1225 (1st Cir. 2005) ("This ownership means that QLT alone can independently exploit the rights of the '349 patent."); *Univ. of Colorado Foundation, Inc. v. American Cyanamid Co.*, 342 F.3d 1298, 1310, 68 U.S.P.Q.2d 1120 (Fed. Cir. 2003) (company was "unjustly enriched by its conduct in taking for itself exclusivity rights in the Doctors' reformulation technology."). Here, plaintiffs do not allege that they have been excluded from exercising the rights that they assert they have in the SWOP patent. Although they do allege, rather vaguely, that AFT has marketed the product as its own (Ct. Dkt. 32 at 14, ¶17) there is no allegation that AFT's marketing materials have impeded their rights.

    Federal patent law pre-emption comes into play only to the extent that defendants contend that AFT's profits are "unjust" because Tower should not be listed as a co-owner; that is, federal patent pre-emption comes into play only if defendants challenge "inventorship." The cases to which defendants cite make it clear that if an unjust enrichment claimant challenges inventorship as a necessary part of their claim, that claim is then subject to preclusion. *See, e.g., Mass. Eye & Ear Infirmary*, 412 F.3d at 233, 75 U.S.P.Q.2d 1225 ("[T]his analysis of MEEI's unjust enrichment claim illustrates why it was not pre-empted by federal patent law. MEEI's claim is not that Dr. Levy was not a proper inventor of the '349 patent…"; "While the proper inventorship of either the '473 application or the '591 application is indeed a non-negotiable question of federal law…"); *Thompson*, 471 F.3d at 1292, 81 U.S.P.Q.2d 1155 ("Because inventorship is not necessary to the success of Thompson's unjust enrichment claim.... Thompson's well-pleaded complaint does not establish that the right to relief necessarily depends on resolution of a substantial question of federal patent law.").

    Defendants are understandably evasive about whether they do intend to challenge Tower (and thus AFT's) co-ownership of the SWOP patent, *compare* Ct. Dkt. 37 at 4 ("…formal

PLAINTIFF'S REPLY RE MOTION TO DISMISS -4-

O:\9107001\0048 shr reply to motion to dismiss.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

determination of the patent's inventorship is not necessary to defendants' unjust enrichment claim") with Ct. Dkt. 37 at 3 ("…defendants do contend that AFT wrongly listed Tower as an inventor."), and now attempt to distance themselves from the allegation contained *in the claim for unjust enrichment itself* that "Tower did not participate in the invention of the SWOP process."[2] Ct. Dkt. 32 at 20, ¶62. Defendants' Answer and Counterclaims are replete with allegations that Tower's inventorship is at issue. *See, e.g.,* Ct. Dkt. 32 at 14 ¶15 ("Although Tower did not participate in the invention of the SWOP process, he falsely represented to the U.S. Patent and Trademark Office that he had done so."). Each of these contentions in the Answer are pre-empted by federal patent law.[3] Defendants' response to the Motion to Dismiss appears to concede that the first sentence of Paragraph 62 of the unjust enrichment claim, which alleges that Tower is not truly an inventor, must be stricken from the claim.[4]

    More important than defendants' back-pedalling as to their allegations about inventorship, to the extent that defendants would attempt to get around 35 U.S.C. §262's impact on their unjust enrichment claim, as laid out above, the unjust enrichment claim runs headlong into a challenge to Tower's inventorship, which is clearly pre-empted. Because according to defendants they did not assign their rights in the SWOP patent, Tower and AFT's profiting from the patent can only be "unjust" if Tower was not an inventor. But defendants cannot challenge

---

[2] The latter statement makes no sense: Tower was one of the applicants and was listed as one of the owners of the SWOP Patent; he assigned his interest to AFT – AFT did not "list" Tower as an inventor.

[3] To the extent that defendants now disclaim any reliance on these allegations about Tower's inventorship those contentions are surplusage and presumably will be stricken by defendants.

[4] The first clause of the first sentence of Paragraph 62 of the unjust enrichment claim – "AFT has no right to list the SWOP process as its property, as Wetzel and ESC have not assigned their rights in the patent to AFT…" – is an incorrect statement of the law; as noted above, federal patent law permits a co-owner to claim the patent as its property (albeit not its *exclusive* property. 35 U.S.C. § 262.

PLAINTIFF'S REPLY RE MOTION TO DISMISS -5-

O:\9107001\0048 shr reply to motion to dismiss.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

Tower's inventorship using a state-law unjust enrichment claim. *See Methode Electronics Inc. v. Hewlett-Packard Co.*, 2000 WL 1157933, * 1 (N.D.Cal. 2000) ("The question of who should be named on a patent is squarely covered by federal patent law. Allowing a litigant to press a state law claim premised on this question would constitute too great an encroachment on the federal patent system to be tolerated.") (internal punctuation and citations omitted). "If a plaintiff bases its tort action on conduct that is protected or governed by federal patent law, then the plaintiff may not invoke the state law remedy, which must be preempted for conflict with federal patent law." *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1335 (Fed.Cir.1998), *overruled on other grounds, Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356 (Fed.Cir.1999).

Defendants' unjust enrichment claim is inconsistent with federal patent law, which fatally undermines their contention that AFT's profits from the SWOP patent are "unjust" or were at defendants' expense. To the extent that defendants would contend otherwise they must challenge the inventorship of the patent, which they cannot do in a state-law claim. Therefore, defendants' unjust enrichment claim must be dismissed because it fails to state a plausible claim for which relief may be granted.

Defendants' proposed amendment will not cure the defects in the claim. Defendants propose to amend the claim to "make clear" that their claim is based on the providing and using of information "underlying the SWOP patent." Ct. Dkt. 37 at 4. What damages would flow from such a claim? If the "information" provided by defendants was used in or, more accurately, "monetized" via the SWOP patent, and federal law permits each co-owner of a patent to exploit the patent without accounting to the other co-owners, 35 U.S.C. § 262, then defendants have not been damaged "unjustly" nor AFT enriched "at their expense."

Defendants' proposed amendment to the unjust enrichment claim ends them up at the same

PLAINTIFF'S REPLY RE MOTION TO DISMISS -6-

O:\9107001\0048 shr reply to motion to dismiss.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

point as their current claim. Under the current state of the factual pleadings it would be impossible for defendants to articulate a claim for unjust enrichment arising from the SWOP patent that would entitle them to relief.

For all of the foregoing reasons plaintiff's Motion to Dismiss defendants' counterclaim for quasi-contract/unjust enrichment should be dismissed, without leave to replead.

### B. Motion to Dismiss Counterclaim for Abuse of Process

Plaintiff moves to dismiss defendants' counterclaim for Abuse of Process on the basis that defendants have failed to adequately plead an "action" on plaintiff's part. Washington law is clear that the claimant in an abuse of process claim must show that process was used to "coerce" the claimant to do "some collateral thing" that the claimant could not "legally and regularly be required to do," *Hough v. Stockbridge,* No. 3075-III-0, slip op. at 15 (Wash. Ct. App., Sept. 15, 2009) (2009 WL 2932575, *6), and that the misuse of process cannot be based on the initiation of the lawsuit itself. *Batten v. Abrams*, 28 Wn. App. 737, 749, 626 P.2d 984 (1981). Here, defendants' claim alleges two acts that have absolutely nothing to do with "process" (telling unspecified persons that ESC is unlawfully using AFT's information, and threatening others with being sued), and one act (informing suppliers, customers and potential customers about he lawsuit) that implicates only the initiation of the action and was not taken "under cover of process." *Batten,* 28 Wn. App. at 750, 626 P.2d 984 (abusive actions must be taken "under cover of process" to be actionable); Ct. Dkt. 32 at 21, ¶66 (defendants' three factual contentions supporting claim). As argued fully in plaintiff's opening brief these allegations are insufficient to state a claim under Washington law.

Defendants try to get around the defects in their abuse of process claim as stated in their Counterclaims by making new allegations of fact, without any evidentiary support and despite the fact that plaintiff's Motion can only test the sufficiency of the Counterclaims as pled.

PLAINTIFF'S REPLY RE MOTION TO DISMISS -7-

O:\9107001\0048 shr reply to motion to dismiss.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

1  Defendants argue that these "new" facts could satisfy the standards employed by courts from
2  other jurisdictions.

3        Even if the Court considers defendants' new contentions of fact, those facts are
4  insufficient to state a claim under the cases cited by defendants.[5] In the case that defendants cite
5  from the Eastern District of Pennsylvania the court emphasized that the plaintiff had threatened
6  the defendant with use of the litigation to shut them down, had threatened to seek remedies that
7  were not permitted under the claims asserted, and had taken depositions whose only apparent
8  purpose was to intimidate witnesses. *T.B. Proprietary Corp. v. Sposato Builders, Inc.*, No. Civ.
9  A 94-6745, 1996 WL 674016, *3-4 (E.D. Pa. Nov. 20, 1996) (denying request for new trial
10 where plaintiff had made threats to put the defendant out of business and seek remedies that
11 were not permitted under law, admitted to seeking to put defendant out of business, and had run
12 up defendant's legal fees); *T.B. Proprietary Corp. v. Sposato Builders, Inc.*, No. Civ. A 94-
13 6745, 1996 WL 257224 (E. D. Pa. May 13, 1996) (denying motion for summary judgment on
14 abuse of process claim where evidence could indicate a "campaign" of litigation against
15 competitors; depositions had been taken on improper subjects; and depositions taken of ancillary
16 players to intimidate them into not testifying). Defendants have not alleged any conduct of that
17 sort by plaintiff in this case. In *Datacomm Interface, Inc. v. Computerworld, Inc.*, 396 Mass
18 760, 489 N.E.2d 185, 195 (1986) the court applied Massachusetts law and upheld a special
19 master's finding of abuse of process where the plaintiff had made knowing misrepresentations
20 of fact in the complaint, *and* had "emphasiz[ed] the litigation in marketing" (although no detail

---

[5] Each of these cases was decided under other states' law, and to the extent that those states appear to apply a more relaxed standard of proof the decisions are inapplicable. For example, some of these courts appear to have expanded the tort to cover attempts to get third parties to take actions outside of the normal purview of the legal process, which Washington courts have not done. *Hough*, slip op. at 18-19; *Batten*, 28 Wn. App. at 750, 626 P.2d 984.

PLAINTIFF'S REPLY RE MOTION TO
DISMISS -8-
O:\9107001\0048 shr reply to motion to dismiss.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

is provided about what exactly the plaintiff did to use the litigation in marketing). Again, defendants have not alleged facts rising to this level in their claim or their new facts.[6]

Defendants also misconstrue plaintiff's actions after the filing of the Complaint in an effort to concoct some abusive conduct where none exists. For example, defendants complain about plaintiff's effort to have "mirror image" copies made of electronic storage systems in the course of plaintiff's briefing on the temporary restraining order. Defendants assert that plaintiff sought unfettered access to its information for the purpose of discovering defendants' confidential and proprietary information. That contention is not borne out by the pleadings. In its proposed Order to Show Cause (Ct. Dkt. 3-2) plaintiff specifically requested that the Court order that plaintiff's third-party forensic expert make a mirror image of certain data sources but that the parties *agree* on search methods "to identify whether AFT confidential information exists on ESC's systems" and that the expert then disclose only that information to both sides. *Id.* at 4. Plaintiff did not ask for all of ESC's business information to be turned over to it. This type of protocol is absolutely standard in cases involving electronically stored information, *see, e.g., Henry v. Quicken Loans, Inc.*, No. 04-40346, 2008 WL 474127, *1-2 (E.D. Mich., Feb. 15, 2008) (protocol involved plaintiffs' expert retrieving email from back up tapes for certain months and application of search terms agreed to by attorneys for both sides) and is a far cry from evidence that plaintiff has an improper purpose.

To take another example, defendants allege that plaintiff's withdrawal of its motion for a preliminary injunction is evidence of an improper motive. But if anything plaintiff's withdrawal

---

[6] One case cited by defendants, *Worldcom, Inc. v. Transcend Allegiance, Inc.*, No. 97 C 6150, 1998 WL 111636, *4 (N.D. Ill. March 5, 1998), along with analyzing the issue under another state's law, does not give enough information about what exactly the claimant alleged factually to provide any guidance on this topic.

PLAINTIFF'S REPLY RE MOTION TO DISMISS -9-

O:\9107001\0048 shr reply to motion to dismiss.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

1  of the motion shows its respect for the process and an effort to conserve legal fees for both sides
2  – completely unlike several of the Washington cases, and the cases that defendants cite, in
3  which the wrongdoer persisted with questionable litigation processes in an effort to run up legal
4  fees.[7]

5        Finally, defendants fail to adequately address plaintiff's contention that defendants' fail
6  to allege an improper purpose.  Defendants' claim as stated in the Counterclaims (as opposed to
7  their attempt to amend the claim by briefing) alleges that the purpose of the lawsuit was to
8  interfere with ESC and Wetzel's use of its own information.  Ct. Dkt. 32 at 21, ¶65.  However,
9  that alleged purpose – for AFT to take control of information that has disputed origins and
10 ownership – is nothing more than the entirely proper attempt by AFT to enforce the terms of the
11 Non-Disclosure Agreement that Wetzel entered into.  Simply because defendants disagree that
12 some of the information in their possession is AFT's, or subject to the Non-Disclosure
13 Agreement, does not mean that AFT's good-faith attempt to determine what confidential
14 information remained in Wetzel's possession when he stopped performing contract work for
15 AFT is an abuse of process.  Because defendants fail to allege an improper purpose their abuse
16 of process counterclaim should be dismissed.

17       Defendants complain that an abuse of process counterclaim is compulsory.  That may be
18 so, but surely the fact that a claim is compulsory does not mean that it can be maintained absent
19 the factual support sufficient to meet the state-law standards for the claim.  Plaintiff has no
20 ///
21 ///

---

[7] Defendants also curiously complain about plaintiff's not providing "specific" information about its claims and contentions.  Discovery has just begun.  Plaintiff is under no obligation to provide the information that defendants complain about at this early stage.

PLAINTIFF'S REPLY RE MOTION TO DISMISS -10-

O:\9107001\0048 shr reply to motion to dismiss.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

1  quarrel with defendants' suggestion that the claim be dismissed without prejudice.

2

3  DATED: November 23, 2009.          PARSONS FARNELL & GREIN, LLP

4

5                                    By: /s/ Seth H. Row
                                          John D. Parsons, WSB #33230
                                          Seth H. Row, WSB #32905
6                                         1030 SW Morrison Street, Portland, OR 97205
                                          Telephone: (503) 222-1812 / Fax: (503) 274-7979
7                                         E-mail: jparsons@pfglaw.com
                                          E-mail: srow@pfglaw.com
8                                         Attorneys for Plaintiff / Counter-Defendant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

PLAINTIFF'S REPLY RE MOTION TO          Parsons Farnell & Grein, LLP
DISMISS -11-                                  Attorneys at Law
O:\9107001\0048 shr reply to motion to dismiss.doc    1030 SW Morrison Street, Portland, OR 97205
                                         Telephone: (503) 222-1812 / Fax: (503) 274-7979

CERTIFICATE OF SERVICE

I hereby certify that the foregoing PLAINTIFF/COUNTER-CLAIM DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(6) was served on:

Jillian Barron
Sebris Busto James
14205 SE 36th Street, Suite 325
Bellevue, WA 98006
Fax: (425) 453-9005
E-mail: jbarron@sebrisbusto.com
Attorneys for Defendants/Counter-Plaintiffs
Jeff Wetzel and Environmental Systems and Composites, Inc.

by the following indicated method or methods:

__X__    by the court's ECF filing system.

Dated this 23d day of November, 2009.

/s/ Seth H. Row
John D. Parsons, WSB #33230
Seth H. Row, WSB #32905
E-Mail: jparsons@pfglaw.com
E-Mail: srow@pfglaw.com
PARSONS FARNELL & GREIN, LLP
1030 SW Morrison Street
Portland, Oregon 97205
Telephone: (503) 222-1812
Fax: (503) 274-7979
Of Attorneys for Plaintiff and Counter-Defendant
Applied Filter Technology, Inc.

PLAINTIFF'S REPLY RE MOTION TO DISMISS -12-
O:\9107001\0048 shr reply to motion to dismiss.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979