UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| APPLIED FILTER TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY WETZEL, et al., <br><br> Defendants. | CASE NO. C09-1040JLR <br><br> ORDER ON MOTION TO DISMISS |

## I.  INTRODUCTION

This matter comes before the court on Plaintiff Applied Filter Technology's ("AFT") motion to dismiss (Dkt. # 35).  AFT requests that the court dismiss two of the counterclaims pleaded by Defendants Jeffrey Wetzel and Environmental Systems and Composites, Inc. ("ESC").  Having reviewed the motion, as well as all papers filed in support and opposition, and deeming oral argument unnecessary, the court GRANTS in part and DENIES in part the motion to dismiss (Dkt. # 35).

ORDER- 1

## II. BACKGROUND AND ANALYSIS

This action involves the alleged misappropriation of trade secrets and related torts between AFT and ESC. AFT and ESC are competitors in the field of biogas purification. The parties are familiar with the factual background of this case, and the court will not repeat it in full here. The present motion seeks to dismiss Defendants' counterclaims for unjust enrichment (Countercl. ¶ 59-63) and for abuse of process (*id*. ¶ 64-67).

### A.  Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys.*, 135 F.3d 658, 661 (9th Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### B.  Unjust Enrichment

Under Washington law, "[u]njust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship because notions of

fairness and justice require it." *Young v. Young*, 191 P.3d 1258, 1262 (Wash. 2008). Unjust enrichment gives rise to a quasi contract between parties. *Id*. To make out a claim for unjust enrichment, a plaintiff must establish three elements: (1) "a benefit conferred upon the defendant by the plaintiff"; (2) "an appreciation or knowledge by the defendant of the benefit"; and (3) "the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." *Id*

An unjust enrichment claim under state law is preempted by federal patent law "when state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1377 (Fed. Cir. 2005) (quoting *Aronson v. Quick Point Pencil Co.*, 440 U.S. 257, 262 (1979)). The Federal Circuit has considered whether federal patent law preempts state law unjust enrichment claims on multiple occasions. *See id*. at 1378-79 (reviewing prior case law). The results of these cases are variable and highly fact-dependent. Pursuant to 35 U.S.C. § 262, a co-owner of a patent may "make, use, offer to sell, or sell the patented invention" without the consent of the other co-owners and without accounting to them. This principle extends to the licensing of a patent. *Univ. of Colo. Found., Inc. v. Am. Cyanamid Co.*, 196 F.3d 1366, 1373 (Fed. Cir. 1999).

Defendants' unjust enrichment claim arises in connection with a regenerable purification system for the removal of silozanes and volatile organic carbons from biogases ("the SWOP process"). Defendants allege that Mr. Wetzel and Lowell Howard, the president of ESC, developed the SWOP process. (Countercl. ¶ 15.) In 2005, Paul

Tower, the owner of AFT, asked to be listed as one of the inventors of the SWOP process on the patent and to be permitted to assign the patent to AFT. (*Id.*)  Mr. Tower allegedly represented that in consideration he would give Mr. Wetzel an ownership share in AFT and that Mr. Howard would be given a portion of any income earned from the patent. (*Id.*)  Mr. Howard assigned his rights in the SWOP patent to ESC. (*Id.*)  Neither Mr. Tower nor AFT provided Mr. Wetzel, Mr. Howard, or ESC any consideration. (*Id.*)  Defendants allege that AFT received a benefit from Mr. Wetzel and ESC in that Mr. Tower listed himself as an inventor and AFT claimed and marketed the SWOP process. (*Id.* ¶ 60.)  Defendants allege that AFT's marketing of the SWOP process has been at their expense as AFT has not acknowledged their invention of the process. (*Id.* ¶ 61.)  Defendants allege that AFT has no right to list the SWOP process as its property because Mr. Wetzel and ESC have not assigned their rights in the patent to AFT and Mr. Tower did not participate in the invention of the SWOP process. (*Id.* ¶ 62.)

AFT argues that the unjust enrichment claim must be dismissed because it is preempted by federal patent law.  AFT points to 35 U.S.C. § 262 in support of the argument that as a co-owner it was entitled to market and profit from the SWOP patent without accounting to Mr. Wetzel or ESC.  (Mot. (Dkt. # 35) at 5-6.)  AFT further contends that any dispute as to whether Mr. Tower is an inventor is also preempted. (Reply (Dkt. # 40) at 5-6.)  In response, Defendants argue that their unjust enrichment claim rests on the fact that they provided the information underlying the SWOP patent and were not compensated for providing it.  (Resp. (Dkt. # 37) at 4.)  They assert that their unjust enrichment claim does not depend on the issue of inventorship.

ORDER- 4

Having reviewed the factual allegations of the counterclaim, the court is satisfied that Defendants' have pleaded sufficient facts in support of their unjust enrichment claim to survive dismissal. The counterclaim is not a model of clarity, and it is at times difficult to identify precisely which factual allegations Defendants believe support their unjust enrichment claim. AFT correctly observes that the unjust enrichment claim raises strong preemption concerns. Nevertheless, the allegations of the counterclaim articulate a plausible unjust enrichment claim that may ultimately not be preempted. *See generally Thompson v. Microsoft Corp.*, 471 F.3d 1288, 1291-92 (Fed. Cir. 2006). As the facts of this case resolve into sharper focus, it may become clear that the unjust enrichment claim is indeed preempted by federal patent law. At this early stage, however, the court cannot conclude that Defendants have not pleaded sufficient facts to support an unjust enrichment claim. The court therefore denies AFT's motion to dismiss to the extent it seeks dismissal of Defendants' unjust enrichment claim.

**C.   Abuse of Process**

Under Washington law, "[a]buse of process requires two essential elements: '(1) the existence of an ulterior purpose—to accomplish an object not within the proper scope of the process—and (2) an act in the use of legal process not proper in the regular prosecution of the proceedings.'" *Hough v. Stockbridge*, 216 P.3d 1077, 1085 (Wash. Ct. App. 2009) (quoting *Fite v. Lee*, 521 P.2d 964, 968 (Wash. 1974)). The second element "is established by showing that legal process (except filing suit) has been used to accomplish some unlawful end or to compel the adverse party to do some collateral thing that the party could not legally be compelled to do." *Id.* at 1086. "[T]here must be an act

after filing suit using legal process empowered by that suit to accomplish an end not within the purview of the suit." *Batten v. Abrams*, 626 P.2d 984, 990 (Wash. 1981).

In their abuse of process claim, Defendants allege that AFT filed this action for the purpose of interfering with and hindering Defendants' right to use their knowledge and information to compete in the biogas industry. (Countercl. ¶ 65.) Defendants also allege that AFT (1) informed Defendants' suppliers, customers, and potential customers of the existence of this lawsuit; (2) misrepresented the nature of AFT's claims, stating or implying that Defendants are unlawfully using AFT's confidential and proprietary information; and (3) threatened the suppliers, customers, and potential customers with possible entanglement in legal proceedings. (*Id.* ¶ 66.)

The court finds that Defendants' abuse of process claim must be dismissed because the facts alleged are insufficient to support the second element of the tort claim. Specifically, Defendants do not allege that AFT, after filing suit, has used legal process to accomplish an unlawful end or to compel Defendants to do a collateral action that they otherwise could not be legally compelled to do. *Hough*, 216 P.2d at 1086. Even accepting Defendants' allegations as true, AFT's alleged actions vis-à-vis Defendants' suppliers, customers, and potential customers do not involve legal process. Defendants cite no case law applying Washington law in support of their contention, and the court is not persuaded to extend the cause of action without guidance from the Washington courts. To the extent Defendants contend additional facts support their abuse of process claim, these facts are discussed only in Defendants' response to the motion to dismiss and

are not included as part of their counterclaim. Therefore, the court dismisses Defendants' abuse of process claim without prejudice.

### III. CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part the motion to dismiss (Dkt. # 35).

Dated this 31st day of December, 2009.

JAMES L. ROBART
United States District Judge

ORDER- 7