UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| APPLIED FILTER TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JEFF WETZEL, individually, and the marital community of JEFF WETZEL and JANE DOE WETZEL; ENVIRONMENTAL SYSTEMS AND COMPOSITES, INC., a Washington corporation, <br><br> Defendants. <br><br> JEFFREY WETZEL and ENVIRONMENTAL SYSTEMS AND COMPOSITES, INC., <br><br> Counter-Plaintiffs, <br><br> vs. <br><br> APPLIED FILTER TECHNOLOGY, INC., <br><br> Counter-Defendant. | Case No. C09-1040JLR <br><br> **PLAINTIFF/COUNTER-CLAIM DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS** |

Plaintiff/Counter-Defendant Applied Filter Technology ("AFT"), by and through its counsel of record Parsons Farnell & Grein LLP, replies to the counterclaims of

ANSWER TO COUNTERCLAIMS -1-
O:\9107001\0037a shr answer to counterclaims and unjust enrich.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

Defendants/Counter-Plaintiffs Jeffrey Wetzel ("Wetzel") and Environmental Systems and Composites, Inc. ("ESC") (collectively, "Defendants" or "defendants/counter-claim plaintiffs") as follows. Any allegations not specifically admitted herein are denied.

## REPLY TO COUNTERCLAIMS

## JURISDICTION AND VENUE

1. AFT admits the allegations of Paragraph 1 of the Counterclaims.

2. AFT admits the allegations of Paragraph 2 of the Counterclaims.

3. AFT admits the allegations of Paragraph 3 of the Counterclaims.

4. AFT denies that it has violated the statutes alleged or that ESC and Wetzel have stated a claim under any federal or non-federal cause of action, but otherwise admits the allegations of Paragraph 4 of the Counterclaims.

5. AFT denies that it has committed any unlawful acts, but otherwise admits the allegations of Paragraph 5 of the Counterclaims.

## FACTS

6. AFT admits that Wetzel has been working in the areas of gas purification, testing of contaminated gas and air, air purification, and process engineering for more than 20 years. AFT denies the remaining allegations of Paragraph 6 of the Counterclaims.

7. AFT admits that Wetzel and Paul Tower ("Tower") discussed forming a company to be known as Applied Sorbent Technologies, Inc. ("AST") in or around 1998, but deny that AST was ever formed as a company or partnership. AFT denies the remaining allegations of Paragraph 7 of the Counterclaims.

8. AFT admits that in or about 1996 AFT retained Wetzel on a part-time basis to perform consulting work, avers that Wetzel began to do so on a full-time basis in or about 2006, and that Wetzel did so for AFT until 2009. AFT admits that Tower has and had skills, knowledge and experience in marketing. AFT admits that it represented to outside parties that Wetzel's title was Director of Technology. AFT denies that it represented that Wetzel was a

ANSWER TO COUNTERCLAIMS -2-
O:\9107001\0037a shr answer to counterclaims and unjust enrich.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

Vice-President and part owner of AFT. AFT denies the remaining allegations of Paragraph 8 of the Counterclaims.

9. AFT admits that in or about July, 2003 AFT asked Wetzel to increase the number of hours per month that he worked to at least 160 hours per month. AFT denies that thereafter it compensated Wetzel at a lower hourly rate. AFT affirmatively avers that Wetzel was not compensated on an hourly basis, but rather was compensated on a monthly basis with a set "not-to-exceed" hourly goal; Wetzel's actual hours worked per month varied. AFT admits that Wetzel and AFT executed the Confidentiality and Non-Disclosure Agreement attached to AFT's Complaint. AFT admits that it discussed with Wetzel his taking an ownership interest in the company. AFT denies the remaining allegations of Paragraph 9 of the Counterclaims.

10. In response to the allegations of the first sentence of Paragraph 10 of the Counterclaims, AFT affirmatively avers that Wetzel was a consultant to AFT until on or about June 10, 2009. AFT admits that Wetzel assisted with biogas analysis and interpretation. AFT denies the remaining allegations of Paragraph 10 of the Counterclaims.

11. AFT admits and avers that Wetzel was listed as a co-inventor on the following patent, the application for which was filed on June 18, 2004, along with Tower: Patent Number 7,264,648 ("the '648 Patent"), described as "Removing siloxanes from a gas using a segmented filtration system customized to the gas composition" and referred to and marketed by AFT as the "SAG" process. AFT admits and avers that on June 18, 2004 Wetzel assigned his rights to the '648 Patent to AFT. AFT admits and avers that Wetzel's assignment was for good and valuable consideration, the receipt and sufficiency of which he acknowledged under oath. AFT denies the remaining allegations of Paragraph 11 of the Counterclaims.

12. AFT denies the allegations of Paragraph 12 of the Counterclaims.

13. AFT admits and avers that Wetzel was listed as a co-inventor on the following patent, the application for which was filed on March 8, 2005, along with Tower: Patent Number 7,393,381 ("the '381 Patent"), described as "Removing siloxanes from a gas stream using a

ANSWER TO COUNTERCLAIMS -3-
O:\9107001\0037a shr answer to counterclaims and unjust enrich.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

mineral based adsorption media" and referred to and marketed by AFT as the "HOX" process. AFT admits and avers that on August 18, 2005 Wetzel assigned his rights to the '381 Patent to AFT. AFT admits and avers that Wetzel's assignment was for good and valuable consideration, the receipt and sufficiency of which he acknowledged under oath. AFT denies the remaining allegations of Paragraph 13 of the Counterclaims.

14. AFT denies the allegations of Paragraph 14 of the Counterclaims.

15. AFT admits and avers that Wetzel and Lowell Howard ("Howard") were originally listed as co-inventors, along with Tower, on an application for a patent filed on September 21, 2005, described as "Regenerable purification system for removal of siloxanes and volatile organic carbons" and referred to and marketed by AFT as the "SWOP" process. AFT avers that the application was amended and a change of inventorship document filed removing Howard as a co-inventor. AFT avers that the patent was issued on August 12, 2008 as Patent Number 7,410,524 ("the '524 Patent"), erroneously still naming Howard as a co-inventor. AFT avers that AFT filed and the United States Patent Office approved a Certificate of Correction removing Howard from the Section (76) - Inventors section of the '524 Patent. AFT admits that Wetzel refused to assign his interest in the '524 Patent to AFT. AFT denies the remaining allegations of Paragraph 15 of the Counterclaims.

16. AFT denies the allegations of Paragraph 16 of the Counterclaims.

17. AFT admits and avers that the '381 Patent was issued on July 1, 2008; that the '648 Patent was issued on September 4, 2007; and that the '524 Patent was issued on August 12, 2008. AFT admits that it has marketed, practiced and/or licensed the '381, '648 and '524 Patents and received revenues thereby. AFT denies the remaining allegations of Paragraph 17 of the Counterclaims.

18. AFT admits that defendants' counsel has corresponded with its counsel regarding defendants' claims that Wetzel provided confidential information to AFT, which contention

ANSWER TO COUNTERCLAIMS -4-
O:\9107001\0037a shr answer to counterclaims and unjust enrich.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

1  AFT denies. AFT admits and avers that such correspondence speaks for itself. AFT denies the
2  remaining allegations of Paragraph 18 of the Counterclaims.

    19.   AFT is without knowledge or information sufficient to form a belief as to the
   accuracy of the allegations contained in Paragraph 19 of the Counterclaims and therefore denies
   the same.

    20.   AFT admits and avers that ESC and/or Howard performed consulting and
   subcontract work for AFT during 2005 and 2006 and denies the remaining allegations of the
   first sentence of Paragraph 20 of the Counterclaims. In response to the allegations in the second
   sentence of Paragraph 20 of the Counterclaims, AFT admits that Howard performed Project
   Management consulting work for AFT and denies the remaining allegations of Paragraph 20 of
   the Counterclaims. AFT is without sufficient information to form a belief as to the truth of the
   allegations contained in the third sentence of Paragraph 20 of the Counterclaims and therefore
   denies the same. AFT admits and avers that since ESC/Howard ceased performing work for
   AFT, AFT and ESC have been competitors in certain sectors of the biogas treatment industry.
   AFT denies the remaining allegations of Paragraph 20 of the Counterclaims.

    21.   AFT admits and avers that the biogas purification industry is competitive and
   primarily involves competing for contracts involving public works and private sector projects, in
   biogas to energy market areas. AFT is without sufficient information to form a belief as to the
   truth of the remaining allegations in Paragraph 21 of the Counterclaims and therefore denies the
   same.

    22.   AFT is without sufficient information to form a belief as to the truth of the
   allegations of Paragraph 22 of the Complaint and therefore denies the same, except that it
   specifically denies the allegations of the last sentence of Paragraph 22 of the Complaint.

    23.   To the extent that the allegations of Paragraph 22 of the Complaint are
   sufficiently specific for AFT to form a belief as to their truth or falsity, AFT responds to

ANSWER TO COUNTERCLAIMS -5-
O:\9107001\0037a shr answer to counterclaims and unjust enrich.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

1. Paragraph 23 of the Counterclaims by denying that it has made any non-privileged statements to the types of entities alleged in that paragraph.

24. To the extent that the allegations of Paragraph 24 of the Complaint are sufficiently specific for AFT to form a belief as to their truth or falsity, AFT responds to Paragraph 24 of the Counterclaims by denying that it made any non-privileged statements regarding potential action against suppliers, customers or potential customers.

25. AFT denies the allegations of Paragraph 25 of the Counterclaims.

26. AFT is without sufficient information to form a belief as to the truth as to the allegations of the first, second and third sentences of Paragraph 26 of the Counterclaims and therefore denies the same. AFT denies that it has made any non-privileged statements to the entities indicated in the fourth sentence of Paragraph 26 of the Counterclaims and denies the remaining allegations of that paragraph. AFT is without sufficient information to form a belief as to the truth of the allegation that ESC has been removed from the list of approved suppliers, and therefore denies the same, and denies the remaining allegations of the fifth sentence of Paragraph 26 of the Counterclaims. AFT is without sufficient information to form a belief as to truth of the allegation in the sixth sentence of Paragraph 26 of the Complaint and therefore denies the same.

## CAUSES OF ACTION

### VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

27. Plaintiff incorporates its responses contained in Paragraphs 1 through 26 above as if fully set forth herein.

28. AFT admits that ESC markets its products and services in interstate commerce. AFT lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 28 of the Counterclaims and therefore denies the same.

29. AFT denies the allegations of Paragraph 29 of the Counterclaims.

30. AFT denies the allegations of Paragraph 30 of the Counterclaims.

ANSWER TO COUNTERCLAIMS -6-
O:\9107001\0037a shr answer to counterclaims and unjust enrich.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

31. AFT denies the allegations of Paragraph 31 of the Counterclaims.

32. AFT denies the allegations of Paragraph 32 of the Counterclaims.

33. AFT denies the allegations of Paragraph 33 of the Counterclaims.

**TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCIES**

34. Plaintiff incorporates its responses contained in Paragraphs 1 through 26 above as if fully set forth herein.

35. AFT is without sufficient information to form a belief as to the business relationships between the entities referred to in Paragraph 35 of the Counterclaims and therefore denies the allegations contained in that paragraph.

36. AFT admits that it was aware that ESC was attempting to form certain business relationships, but denies the remaining allegations of Paragraph 36 of the Counterclaims.

37. AFT denies the allegations of Paragraph 37 of the Counterclaims.

38. AFT denies the allegations of Paragraph 38 of the Counterclaims.

39. AFT denies the allegations of Paragraph 39 of the Counterclaims.

**BREACH OF CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT**

40. Plaintiff incorporates its responses contained in Paragraphs 1 through 26 above as if fully set forth herein.

41. AFT admits that Wetzel and AFT entered into the Confidentiality and Non-Disclosure Agreement ("NDA"), admits that AFT is bound by the NDA, whose terms define the protections to be afforded to the signatories thereto, and which agreement speaks for itself. AFT denies that Wetzel provided confidential information to AFT and denies the remaining allegations of Paragraph 41 of the Counterclaims.

42. AFT admits that Wetzel used spreadsheets, and produced reports, in the course of his work, which documents (although not necessarily the information contained therein) were of his own creation, and denies the remaining allegations of Paragraph 42 of the Counterclaims.

ANSWER TO COUNTERCLAIMS -7-
O:\9107001\0037a shr answer to counterclaims and unjust enrich.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

1  43.  AFT denies the allegations of Paragraph 43 of the Counterclaims.

2  44.  AFT denies the allegations of Paragraph 44 of the Counterclaims.

3  45.  AFT denies the allegations of Paragraph 45 of the Counterclaims.

4  **VIOLATION OF THE UNIFORM TRADE SECRETS ACT ("UTSA")**

5  **RCW Ch. 19.108**

6  46.  Plaintiff incorporates its responses contained in Paragraphs 1 through 26 above as

7  if fully set forth herein.

8  47.  AFT denies the allegations of Paragraph 47 of the Counterclaims.

9  48.  AFT denies the allegations of Paragraph 48 of the Counterclaims.

10  49.  AFT denies the allegations of Paragraph 49 of the Counterclaims.

11  50.  AFT denies the allegations of Paragraph 50 of the Counterclaims.

12  51.  AFT denies the allegations of Paragraph 51 of the Counterclaims.

13  **BREACH OF EXPRESS OR IMPLIED-IN-FACT CONTRACT**

14  52.  Plaintiff incorporates its responses contained in Paragraphs 1 through 26 above as

15  if fully set forth herein.

16  53.  AFT denies the allegations of Paragraph 53 of the Counterclaims.

17  54.  AFT denies the allegations of Paragraph 54 of the Counterclaims.

18  55.  AFT denies the allegations of Paragraph 55 of the Counterclaims.

19  56.  AFT admits that Wetzel does not have an ownership share in AFT. AFT denies

20  the remaining allegations of Paragraph 56 of the Counterclaims.

21  57.  AFT denies the allegations of Paragraph 57 of the Counterclaims.

22  58.  AFT denies the allegations of Paragraph 58 of the Counterclaims.

23  ///

24  ///

ANSWER TO COUNTERCLAIMS -8-
O:\9107001\0037a shr answer to counterclaims and unjust enrich.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

## QUASI-CONTRACT AND UNJUST ENRICHMENT

59. Plaintiff incorporates its responses contained in Paragraphs 1 through 26 above as if fully set forth herein.

60. AFT admits that Tower is listed as an inventor on the '381, '648 and '524 Patents, and that AFT has marketed, practiced and/or licensed those patents and has derived revenue thereby, and denies the remaining allegations of Paragraph 60 of the Counterclaims.

61. AFT denies the allegations of Paragraph 61 of the Counterclaims.

62. AFT denies the allegations of Paragraph 62 of the Counterclaims.

63. AFT denies the allegations of Paragraph 63 of the Counterclaims.

## ABUSE OF PROCESS

64. Plaintiff incorporates its responses contained in Paragraphs 1 through 26 above as if fully set forth herein. The Court has dismissed Defendants' counterclaim for Abuse of Process and therefore no further response is necessary.

65. The Court has dismissed Defendants' counterclaim for Abuse of Process and therefore no further response is necessary.

66. The Court has dismissed Defendants' counterclaim for Abuse of Process and therefore no further response is necessary.

67. The Court has dismissed Defendants' counterclaim for Abuse of Process and therefore no further response is necessary.

/ / /

/ / /

/ / /

/ / /

/ / /

ANSWER TO COUNTERCLAIMS -9-
O:\9107001\0037a shr answer to counterclaims and unjust enrich.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

## PLAINTIFF/COUNTER-CLAIM DEFENDANT'S AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

### FAILURE TO STATE A CLAIM

68. Plaintiff/counter-claim defendant realleges and incorporates its responses in Paragraphs 1 through 26 above and Paragraphs 1 through 25 of its Complaint in this matter as if fully set forth herein.

69. Defendants/counter-claim plaintiffs' claim entitled "Breach of Express or Implied-in-Fact Contract" fails to state a claim upon which relief can be granted.

70. Defendant/counter-claim plaintiffs' claim entitled "Quasi-Contract and Unjust Enrichment" fails to state a claim upon which relief can be granted.

### PRIVILEGE

71. Plaintiff/counter-claim defendant realleges and incorporates its responses in Paragraphs 1 through 26 above and Paragraphs 1 through 25 of its Complaint in this matter as if fully set forth herein.

72. AFT was privileged in its statements and actions toward defendants/counter-claim plaintiffs and others because it had a reasonable belief that any statements it made were true.

73. AFT was privileged in its statements and actions toward defendants/counter-claim plaintiff and others because any such statements were made without malice and in the context of its business relationship with the recipient of the communication.

74. AFT was privileged in its statements and actions toward defendants/counterclaim plaintiffs and others because such statements were made without malice and in self-defense.

/ / /

/ / /

ANSWER TO COUNTERCLAIMS -10-
O:\9107001\0037a shr answer to counterclaims and unjust enrich.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

75. To the extent that defendants/counter-claim plaintiffs' allegations are based on statements made in pleadings or other matters submitted in this or other litigation, AFT was privileged in such statements because such statements were made during a judicial proceeding.

## CAUSATION

76. Plaintiff/counter-claim defendant realleges and incorporates its responses in Paragraphs 1 through 26 above and Paragraphs 1 through 25 of its Complaint in this matter as if fully set forth herein.

77. Any and all damages sustained by defendants/counter-claim plaintiffs were proximately caused by their own actions and not by any conduct of plaintiff/counter-claim defendant.

## BREACH OF CONTRACT

78. Plaintiff/counter-claim defendant realleges and incorporates its responses in Paragraphs 1 through 26 above and Paragraphs 1 through 25 of its Complaint in this matter as if fully set forth herein.

79. Wetzel's claims are barred by his own breach of the subject contract.

## UNCLEAN HANDS

80. Plaintiff/counter-claim defendant realleges and incorporates its responses in Paragraphs 1 through 26 above and Paragraphs 1 through 25 of its Complaint in this matter as if fully set forth herein.

81. Defendants/counter-claim plaintiffs are not entitled to equitable relief because they have unclean hands.

///

///

///

ANSWER TO COUNTERCLAIMS -11-
O:\9107001\0037a shr answer to counterclaims and unjust enrich.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

**REAL PARTY IN INTEREST**

82. Plaintiff/counter-claim defendant realleges and incorporates its responses in Paragraphs 1 through 26 above and Paragraphs 1 through 25 of its Complaint in this matter as if fully set forth herein.

83. On information and belief, to the extent that ESC is asserting any counterclaims, defendant ESC is not the real party in interest as to some or all of such counterclaims.

**RESERVATION OF RIGHTS**

84. Discovery in this matter has not been completed and plaintiff/counter-claim defendant reserves its right to amend or supplement these Affirmative Defenses to comport with the evidence.

WHEREFORE, plaintiff/counter-claim defendant prays that defendants/counter-claim plaintiffs take nothing by way of their counterclaims, and that their claims be dismissed, with prejudice and with no award of attorney fees, costs or disbursements. Plaintiff/counter-claim defendant further prays that it be awarded it reasonable attorneys fees, costs and disbursements incurred herein and for such further relief as the court deems just and proper.

DATED this 14th day of January, 2010.

PARSONS FARNELL & GREIN, LLP

By: /s/ Seth H. Row
John D. Parsons, WSB #33230
Seth H. Row, WSB #32905
1030 SW Morrison Street
Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979
E-mail: jparsons@pfglaw.com
E-mail: srow@pfglaw.com
Attorneys for Plaintiff

ANSWER TO COUNTERCLAIMS -12-
O:\9107001\0037a shr answer to counterclaims and unjust enrich.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing PLAINTIFF/COUNTER-CLAIM DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS was served on:

Jillian Barron
Sebris Busto James
14205 SE 36th Street, Suite 325
Bellevue, WA 98006
Fax: (425) 453-9005
E-mail: jbarron@sebrisbusto.com
Attorneys for Defendants/Counter-Plaintiffs
Jeff Wetzel and Environmental Systems and Composites, Inc.

by the following indicated method or methods:

__X__   by the court's ECF filing system.

Dated this 14th day of January, 2010.

/s/ Seth H. Row
John D. Parsons, WSB #33230
Seth H. Row, WSB #32905
E-Mail: jparsons@pfglaw.com
E-Mail: srow@pfglaw.com
PARSONS FARNELL & GREIN, LLP
1030 SW Morrison Street
Portland, Oregon 97205
Telephone: (503) 222-1812
Fax: (503) 274-7979
Of Attorneys for Plaintiff and Counter-Defendant
Applied Filter Technology, Inc.

ANSWER TO COUNTERCLAIMS -13-
O:\9107001\0037a shr answer to counterclaims and unjust enrich.doc

Parsons Farnell & Grein, LLP
Attorneys at Law
1030 SW Morrison Street, Portland, OR 97205
Telephone: (503) 222-1812 / Fax: (503) 274-7979